262 A.2d 824.

WILLIAM DIBELLO *vs.* ARTHUR ST. JEAN *et al.*

MARCH 12, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.  This civil action was brought in the Superior Court by the plaintiff to recover for personal injuries and property damage allegedly sustained in a motor vehicle collision.  While three separate defendants are charged with negligence, we are concerned only with the action against the defendant S. Rosenthal & Son, Inc., a Massachusetts corporation.  That defendant moved under Rule 41(b)(2) of the Superior Court Rules of Civil Procedure to dismiss the action for failure of the plaintiff to comply with the rules, and, when that motion was granted, the plaintiff appealed.

Although the record and docket transmitted to us are not as clear as they might be concerning the precise sequence or the exact nature of the proceedings, the parties apparently agree on what transpired.  We consider the case

as they understand it and in the posture in which they have briefed and argued it.

The motor vehicle collision giving rise to plaintiff's claim occurred on April 12, 1965. Litigation commenced about a year and a half later on December 10, 1966, when plaintiff filed a complaint in the Superior Court. While service on the individual defendants was promptly completed, process for service on this defendant was not delivered to the sheriff until July 11, 1968, 19 months subsequent to the commencement of the action and more than three years after the motor vehicle collision. Service was then made as provided for by what is now G. L. 1956, (1968 Reenactment) §§31-7-7 and 31-7-8, by leaving a copy of the summons and complaint with the Registrar of Motor Vehicles on July 15, 1968, and by sending notice of that service and a copy of the process by registered mail to defendant at its address in Cambridge, Massachusetts. Thereafter, defendant, proceeding under Rule 41(b)(2) of the Superior Court Rules of Civil Procedure, moved to dismiss for plaintiff's failure to comply with the rules. After a hearing the trial justice found that plaintiff's failure to satisfactorily explain the 19 month delay which intervened between the filing of his complaint and the delivery of the process to the sheriff constituted noncompliance with the implicit requirement of Rule 4 (b) of the rules. Accordingly, and in reliance on *Caprio* v. *Fanning & Doorley Constr. Co.*, 104 R. I. 197, 243 A.2d 738, the trial justice granted the motion. The dismissal order which was then entered did not specify whether it was with or without prejudice.

The plaintiff does not dispute that his delay in issuing process was unreasonable, nor does he attempt to excuse it. Moreover, he recognizes that the more than two years which have elapsed since the motor vehicle collision of April 1965 now bars a new action on account of the per-

sonal injuries, and he is therefore not concerned with whether or not the dismissal order was with or without prejudice to his right to commence a new action to recover for those injuries. What does concern him is that the dismissal order, being unqualified, was with prejudice and under Rule 41(b)(3) operated as an adjudication of the merits of his claim for property damage.[1] In an attempt to salvage that claim he now argues that the trial justice should have treated defendant's motion to dismiss as if it were a motion for summary judgment. If that had been done, he says, only the personal injury claim, where the limitation period is two years (§9-1-14), would have been disposed of, and no judgment would have been rendered against him on the property-damage claim because that claim was not then barred by the limitation period which he claims governs in such actions.

The obvious defect in the procedure which plaintiff suggests the trial justice should have pursued is that the rules do not permit it. He confuses a 41(b)(2) motion to dismiss with a motion to dismiss filed under 12(b)(6) for failure to state a claim upon which relief can be granted. In the latter instance, the motion, if supported by affidavits and other materials outside of the pleadings, may be treated by the court in its discretion as if it were a motion for summary judgment. *Warren Education Ass'n* v. *Lapan*, 103 R. I. 163, 168, 235 A.2d 866, 869; *Ewing* v. *Frank*, 103 R. I. 96, 97-98, 234 A.2d 840, 841. But nothing in the rules or in our decisions permits that kind of treatment for a 41(b)(2) motion to dismiss for failure to comply with the rules.

---

[1] Rule 41 (b) (3) reads as follows:

"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits."

That there was no basis for transforming the motion to dismiss into a motion for summary judgment does not mean that plaintiff may not now litigate his property-damage claim. To deny him that opportunity would be contrary to what was clearly intended by the trial justice who, at the close of the dismissal hearing, stated that plaintiff would not be "* * * barred from bringing a new action as to property damage at any time." Notwithstanding that pronouncement, the dismissal order which was then entered recited, insofar as here pertinent, "That the motion to dismiss of S. Rosenthal & Son, Inc., be and the same hereby is granted."

While the record does not make clear whether the dismissal order was prepared by the clerk or by one or the other of counsel, it does without question show that it was prepared within a few days of the hearing. Any one of those who might have prepared it presumably then had a clear recollection of what the trial justice had said. In the light of his pronouncement that the property-damage claim should not be barred, it is unclear why the draftsman of the order did not specify that it was without prejudice as to that claim. What is clear, however, is that the order which was entered did not accurately evidence the trial justice's pronouncement. This was a mistake, not in the pronouncement of the judgment, but in the clerical or ministerial recordation of what had been announced, and, in such a case, justice demands that the error, instead of being allowed to stand, be corrected so that the judgment will speak the truth and will accurately reflect what was said and done. *Blankenship* v. *Royalty Holding Co.*, 202 F.2d 77.

The power to amend the judgment so as to make it conform to the facts and the truth of the case does not however lie in this court, but in the court whose records require correction, and it is never too late for that court "* * *

to amend its records in order that the truth shall therein appear." *Hearn* v. *Canning,* 27 R. I. 217 at 219, 61 A. 602 at 603; accord, *Smith* v. *Whaley,* 27 R. I. 185 at 189, 61 A. 173 at 174-75. If, therefore, relief is to be granted, it must come, not from us, but from the court where the mistake was made and whose records need rectification. It is to that court that the plaintiff, if he is to obtain relief, should apply, and it may correct the judgment not only under its inherent power, *Chase* v. *Almardon Mills, Inc.,* 102 R. I. 579, 232 A.2d 390, *Blankenship* v. *Royalty Holding Co., supra,* but under the specific power granted under its Rule 60(a).

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Leo P. Attilli,* for plaintiff.

*Keenan, Rice, Dolan & Reardon, John W. Kershaw,* for defendant, S. Rosenthal & Son, Inc.