366 A.2d 550.

HENRI PAUL *et ux. vs.* ALFRED A. FORTIER *et al.*

DECEMBER 6, 1976.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This petition for certiorari raises a novel and most interesting issue. Alfred A. Fortier and his son, the defendants in a Superior Court civil action which seeks to set aside a default judgment, by petitioning for certiorari have asked us whether the plaintiffs in that action, Henri Paul and his wife, can maintain such a suit when it was commenced more than a year after the entry of judgment and where at no point in their complaint do the Pauls ever claim that the default was the result of the Fortiers' fraudulent conduct. We have issued the writ, the records of the Superior Court have been certified to us, and our response to the Fortiers' inquiry is: "Yes, such a suit can be maintained."

The record indicates that on October 3, 1972, the Fortiers sued the Pauls in a negligence action. One year and two days later, on October 5, 1973, a default judgment totalling $22,179.50 was entered against them. Another year went by, and on October 21, 1974, the Fortiers sought an execution order. An execution issued, and in December 1974 the Pauls brought a civil action against the Fortiers wherein they sought to set aside the default judgment and enjoin the sheriff from levying on the execution. The temporary restraining order was entered against the sheriff, and the Fortiers then moved for summary judgment. The trial justice treated the Fortiers' motion for summary judgment as a motion to dismiss under Super. R. Civ. P. 12(b)(6). He denied the motion, and it is this denial which we will now consider.

Super. R. Civ. P. 60(b) gives the Superior Court the unquestioned right, upon a motion and a proper showing,

to set aside a judgment for a variety of reasons such as mistake, newly discovered evidence, fraud, or a void judgment. The rule specifically provides that such a motion must be made within a reasonable time but not more than 1 year after the entry of the judgment under review[1] and then goes to state as follows:

> "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

Our Rule 60(b) is substantially the same as its federal counterpart, Fed. R. Civ. P. 60(b). Both provide two routes for relief from judgment: a motion and an independent action. While courts may treat them interchangeably where the adverse party is not prejudiced, *Bankers Mortgage Co.* v. *United States,* 423 F.2d 73, 77 n.7 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970), the remedies are distinct and cumulative. Although it is clear from the rule that a motion must be made not more than 1 year after judgment, such time limit is not expressly applied to independent actions. The Fortiers claim that we should bind independent actions by the same time restriction. However, for the following reasons we decline to do so.

Federal courts have held that the proviso calling for an independent action is not an affirmative grant of power. *Simons* v. *United States,* 452 F.2d 1110, 1116 (2d Cir. 1971). Rather, the rule provides that the court will retain whatever power it would otherwise have to entertain such ac-

---

[1] *See Murphy v. Bocchio,* 114 R.I. 679, 338 A.2d 519 (1975).

tions. *Simons* v. *United States, supra; see West Virginia Oil & Gas Co.* v. *George E. Breece Lumber Co.*, 213 F.2d 702 (5th Cir. 1954).

Prior to the adoption of Fed. R. Civ. P. 60(b) federal courts recognized an independent action in equity to obtain relief from a judgment. *National Surety Co.* v. *State Bank,* 120 F. 593 (8th Cir. 1903). The elements of such action were set forth in that case at 599:

> "* * * (I) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law."

Since the adoption of Fed. R. Civ. P. 60(b) an independent action has been recognized in federal court and the elements enunciated in *National Surety* quoted with approval. *Bankers Mortgage Co.* v. *United States, supra. See also Winfield Assocs., Inc.* v. *Stonecipher,* 429 F.2d 1087 (10th Cir. 1970). At least one state has followed the federal interpretation and specifically adopted the test established by *National Surety* and *Bankers Mortgage. See Dunham* v. *First Nat'l Bank,* 86 S.D. 727, 201 N.W.2d 227 (1972).

Long before the 1965 advent of the Superior Court Rules of Civil Procedure, Rhode Island recognized the right of a litigant to seek relief from a judgment by independent action, *Opie* v. *Clancy,* 27 R.I. 42, 60 A. 635 (1905), as well as by petition or motion. *See Burns Elec. Supply Co.* v. *Westmoreland,* 116 R.I. 332, 336, 356 A.2d 479, 481 (1976). Super. R. Civ. P. 60(b) reemphasizes the power of the Superior Court to entertain an independent action to enforce a judgment.

The grounds for such an action which are set forth in

*Opie* are quite similar to those in *National Surety*. They are:

> "Where a party having a meritorious defense is by accident, unmixed with negligence on his part, prevented from making his defense or from taking steps for the preservation of his rights, such as moving for a continuance or for a new trial, or taking up the proceedings for review by appeal or error, a court of equity has power to grant relief by enjoining the judgment. * * * A party who has obtained a judgment after a full investigation of the controversy by a competent tribunal will not be forced by a court of equity to submit to a new trial unless justice imperatively demands it. It must clearly appear to the court that it would be contrary to good conscience to allow the judgment to be enforced; in other words, a meritorious defense must be alleged and proved; and it must appear that the accident was unavoidable or in no way attributable to the negligence of the party seeking equitable relief." *Opie* v. *Clancy, supra* at 50, 60 A. at 638.

The Fortiers' 12(b) motion tests the sufficiency of the Paul complaint. The complaint is to be construed in the light most favorable to the plaintiff with all doubts resolved in his favor as well as accepting all allegations as being true, and no complaint shall be considered as insufficient unless it is clear beyond a reasonable doubt that a plaintiff will not be entitled to relief under any set of facts which might be proved in support of the claim. *Bragg* v. *Warwick Shoppers World, Inc.,* 102 R.I. 8, 12, 227 A.2d 582, 584 (1967). In their complaint the Pauls allege that they have a good and valid defense to the 1972 claim, that they were prevented by reason of accident, mistake, or excusable neglect from obtaining the benefit of that defense, and that they have no adequate remedy at law. If proven, these facts may entitle the Pauls to relief. It follows from what we have said that the trial justice was correct when he denied the Fortiers' motion to dismiss.

Nevertheless, the Fortiers maintain that even if an independent action does lie, it is barred by the 1-year restriction. As we noted above, the motion and independent action are separate and distinct avenues of relief. Consequently, independent actions are not governed by the time limit imposed upon 60(b) motions. In addressing this question, federal courts have made it clear that the action need not be brought within 1 year. *In re Casco Chem. Co.*, 335 F.2d 645, 652 (5th Cir. 1964). *See Martina Theatre Corp.* v. *Schine Chain Theatres, Inc.*, 278 F.2d 798 (2d Cir. 1960); *West Virginia Oil & Gas Co.* v. *George E. Breece Lumber Co., supra.*

In addition to the federal interpretation of Rule 60(b), which in any event we find persuasive, we note the problem that would be posed by G. L. 1956 (1969 Reenactment) §9-25-3 and a narrow reading of Rule 60(b). The Legislature, in enacting §9-25-3, has seen fit to give a successful litigant a 6-year period during which he may seek an execution order. Indeed, the Fortiers availed themselves of a portion of this generous time allotment by not even seeking an execution for more than a year after judgment was entered. To hold that an independent action should be brought within 1 year would be to deprive litigants of the right to challenge judgments for which execution has not issued within that year. This would leave judgment debtors without remedy and at the mercy of successful plaintiffs who might use such time discrepancy as a deliberate tactic to avoid challenge. We do not, by any means, extend today an opportunity for all aggrieved parties to relitigate issues which have been heard and decided. What we do afford is an opportunity to bring an independent action beyond 1 year where the aggrieved party can validly allege a claim.

Finally, we come to the contention that even if the 1-year time restriction does not apply, an independent action

may only be brought on the grounds of fraud, which the Pauls do not allege. In *Opie* this court observed:

"* * * courts will not entertain a party seeking for relief against a judgment which has been rendered against him in a court of law in consequence of his default in regard to steps which he might successfully have taken in the court of law, unless some reason founded in fraud, *surprise, or some adventitious circumstances beyond the control of the party* be shown to excuse such default." (Emphasis added.) *Opie* v. *Clancy, supra* at 49-50, 60 A. at 638; *accord, Winfield Assocs., Inc.* v. *Stonecipher, supra* at 1090; *Bankers Mortgage Co.* v. *United States, supra* at 79.

Thus, we hold that an independent action may be based upon assertions of inadvertence, surprise or excusable neglect as well as fraud.

The defendants' petition for writ of certiorari is denied, the writ is hereby quashed, and the papers are ordered returned to the Superior Court with our decision endorsed thereon.

*Gunning, LaFazia & Gnys, Inc., Edward P. Sowa, Jr.,* for plaintiffs.

*Zimmerman, Roskowski & Brenner, Gerald M. Brenner,* for defendants.