Rosemary CLARK et al.

v.

Gerard J. DUBUC.

No. 82–124–Appeal.

Supreme Court of Rhode Island.

Jan. 15, 1985.

Charles A. Hirsch, Kirshenbaum & Kirshenbaum, Providence, for plaintiffs.

Raymond Tomasso, Tomasso & Tomasso, Providence, for defendant.

OPINION

MURRAY, Justice.

The plaintiffs appeal from a Superior Court order vacating a default judgment that had been entered against the defendant. We conclude that the trial justice did not err in granting the motion to vacate the default judgment.

The following facts have been established. This civil action was filed by plaintiffs Rosemary and Frank Clark on February 16, 1976, as a result of an alleged assault and battery committed by defendant against Ms. Clark. Ms. Clark sought compensatory and punitive damages along with damages for pain and suffering. Mr. Clark sought damages for loss of consortium along with reimbursement for necessary medical expenditures on behalf of Ms. Clark.

The motion of defendant's attorney to withdraw as counsel was granted on September 24, 1976, and defendant subsequently indicated his desire to appear pro se. However, defendant defaulted upon failing to appear at the trial scheduled for

March 23, 1979. No formal order was ever entered against defendant. A special hearing on proof of claim was held on April 9, 1979, resulting in a judgment in favor of defendant against Mr. Clark and a judgment against defendant in favor of Ms. Clark for $3,855 excluding interest.

On July 29, 1980, defendant filed a motion to vacate the judgment premised on the allegation that he had never received notice of the trial or of the subsequent hearing. According to defendant, he only became aware of any action against him upon receipt of a letter of execution of judgment on July 22, 1980. The defendant claimed that the clerk's office had erroneously mailed the notice of trial (and of the hearing) to an incorrect mailing address. He claimed that he had properly alerted the clerk's office of his change of address as of February 21, 1978, and that such change had been noted in the civil-action file. However, he stated that the face sheet of the file incorrectly listed his address as his previous address, and therefore he surmised that any notice of trial had been sent to that prior address. The defendant also alleged that he had a meritorious defense; he claimed that he never struck plaintiff and any injuries sustained by her were the result of her own actions.

■ On October 14, 1980, at hearing on the motion to vacate judgment, the trial justice found that (1) the clerk's office was at fault for failing to notify defendant of the trial and (2) defendant had indeed raised a meritorious defense to the alleged assault-and-battery charge. Although the motion to vacate had improperly been made more than one year after the entry of judgment, the trial judge found that the motion to vacate was cognizable under Rule 60 of the Superior Court Rules of Civil Procedure.[1] On October 27, 1980, a new trial was ordered,[2] which was subsequently held on February 5, 1981, resulting in a jury verdict in defendant's favor. The plaintiffs appeal from the judgment entered pursuant to that verdict and from all prior orders entered in defendant's favor.

The sole issue presented here on appeal is whether the trial justice erred in vacating the default judgment entered against defendant for failing to appear at trial.

This court has reiterated its position that "[a] motion to vacate a default judgment is addressed to the judicial discretion of the court and its rulings will not be disturbed on appeal absent a showing of an abuse of discretion or an error of law." *Prudential Investment Corp. v. Porcaro*, 115 R.I. 117, 120, 341 A.2d 720, 722 (1975); *Stevens v. Gulf Oil Corp.*, 108 R.I. 209, 274 A.2d 163 (1971); *Bloom v. Trudeau*, 107 R.I. 303, 266 A.2d 417 (1970). We see no abuse of discretion or any error of law in the instant case.

■ The plaintiffs premise their argument on the untimeliness of defendant's motion to vacate since such motion was not filed before the expiration of the one-year deadline. It is true that if this motion to vacate were to have been treated as a Rule 60(b) motion, it would have been barred by the one-year limitation contained in the rule. *Waldeck v. Domenic Lombardi Realty, Inc.*, R.I., 425 A.2d 81, 83 (1981). However, the trial justice based his decision to grant the motion upon an alternate method for relief that he found to exist simultaneously under Rule 60(b). Since Rule 60(b) states that "[t]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding * * *," the trial justice determined that defendant was entitled to relief on the basis that an independent action in equity is not bound by the one-year limitation imposed on Rule 60(b). *Waldeck*, 425 A.2d at 83; *Paul v.*

---

1. Pursuant to Super.R.Civ.P. 60(b), no motion to vacate may be filed more than one year after the judgment, order, or proceeding.

2. Orders vacating default judgments are treated by this court (and federal courts) as interlocutory and nonappealable at the time they are entered, *Giarrusso v. Corrigan*, 108 R.I. 471, 276 A.2d 750 (1971).

*Fortier*, 117 R.I. 284, 286, 366 A.2d 550, 553 (1976). The trial justice, in his discretion, enabled defendant to succeed on this basis (despite defendant's failure specifically to bring such an independent action in equity) since he found that defendant met the necessary elements of such an action.[3]

■ We conclude that the trial justice was correct in his determination to vacate the default judgment entered against defendant, although we have chosen to affirm that decision on a different section of Rule 60. Pursuant to Rule 60(a), "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Since the trial justice found that the clerk's office was at fault for failing to notify defendant of trial at the proper address, his conclusion that a clerical mistake had been committed was similarly correct, and it is on that basis that we affirm his decision.

We have used Rule 60(a) in a similar capacity in the past to affirm a trial justice's decisions; however, the factual situation pursuant to which we are using Rule 60(a) in this instance is novel. In the past, we used Rule 60(a) to affirm a lower-court decision where an order did not accurately reflect the trial justice's pronouncement. *DiBello v. St. Jean*, 106 R.I. 704, 262 A.2d 824 (1970). We held that

"[t]his was a mistake, not in the pronouncement of the judgment, but in the clerical or ministerial recordation of what had been announced, and, in such a case,

justice demands that the error, instead of being allowed to stand, be corrected so that the judgment will speak the truth and will accurately reflect what was said and done." *Id.* at 708, 262 A.2d at 826 (citing *Blankenship v. Royalty Holding Co.*, 202 F.2d 77 (10th Cir.1953).[4]

Similarly, we equated the Public Utilities Commission Rule 1.26 to Rule 60(a) in order to correct a clerical error in *Providence Gas Co. v. Burke*, R.I., 475 A.2d 193, 199 (1984), where we applied the rule "as a means to correct clerical or computational errors of a commission without the necessity of a full hearing."

■ We now extend the coverage of Rule 60(a) to apply to clerical errors committed by a clerk's office when that error results in a defendant's lack of notice of a pending trial against him (and his subsequent failure to appear) through no fault of his (or her) own. Since we conclude that the trial justice did not abuse his discretion in granting defendant's motion to vacate the default judgment and that he did not commit an error of law, we affirm his decision. *Prudential Investment Corp. v. Porcaro*, 115 R.I. 117, 120, 341 A.2d 720, 722 (1975).

The plaintiffs' appeal is therefore denied and dismissed, and the judgment appealed from is affirmed.

---

3. The elements are

"'(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.'" *Paul v. Fortier*, 117 R.I. 284, 287,

366 A.2d 550, 552 (1976) (quoting *National Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir.1903)). *Accord*, 11 Wright & Miller, *Federal Practice and Procedure*: Civil § 2868 at 238 (1973).

4. In *DiBello v. St. Jean*, 106 R.I. 704, 262 A.2d 824 (1970), a motion to dismiss was mistakenly transformed into a motion for summary judgment owing to an error committed either by the court clerk or by one of the counsel.