**FORTE BROTHERS, INC.**

v.

**Nabil BAALBAKI.**

**No. 88–374–Appeal.**

Supreme Court of Rhode Island.

Feb. 9, 1990.

Michael P. Lynch, J. Olenn, Olenn & Penza, Warwick, for plaintiff.

Robert J. Ameen, Pawtucket, for defendant.

## OPINION

MURRAY, Justice.

This case is before the court on the defendant Nabil Baalbaki's appeal from an order granting plaintiff Forte Brothers, Inc.'s motion to vacate a default judgment. The defendant alleges the trial justice erred in treating Forte Brothers, Inc.'s independent action to set aside the default judgment as a motion to vacate and further erred in granting the motion since no evidence was presented in support of the order. The defendant also alleges that the trial justice erred in denying the defendant's motion to dismiss Forte Brothers, Inc.'s independent action. We find that there was insufficient evidence upon which the trial justice based his decision, and therefore, we reverse his order granting the plaintiff's motion to vacate a default judgment and remand the case back to the Superior Court for an evidentiary hearing. The facts thus far adduced are briefly as follows.

On October 29, 1983, defendant, Nabil Baalbaki (Baalbaki), allegedly drove his motor vehicle into a raised manhole cover that plaintiff, Forte Brothers, Inc. (Forte Brothers), had left unguarded by a warning device. Five passengers in defendant's motor vehicle filed civil action No. 84–1817 in Providence County Superior Court on May 17, 1984, against Forte Brothers, the State of Rhode Island, the city of Pawtucket, and Baalbaki. Cross-claims were filed by Forte Brothers and Baalbaki.

On October 21, 1986, Baalbaki filed civil action No. 86–1722 in Fifth Division District Court against Forte Brothers, seeking damages for Forte Brothers' negligence.

A settlement agreement was reached in the Superior Court case. A stipulation dismissing the action with prejudice was signed by the attorneys representing each party and filed with the court on October 27, 1986.

Forte Brothers failed to answer Baalbaki's District Court action. Forte Brothers claims that all papers were mailed to its insurer, who filed them with the Superior Court case documents. Default judgment was entered against Forte Brothers on January 21, 1987.

On March 15, 1988, Forte Brothers filed a complaint attempting to set aside the default judgment on equitable grounds. On April 25, 1988, Baalbaki moved to dismiss the complaint. A hearing was held on May 17, 1988, before the trial justice. The trial justice entered an order granting Forte Brothers' motion to vacate and denying Baalbaki's motion to dismiss on July 8, 1988. In his order the trial justice made the following findings of fact: "[I]t was reasonable for plaintiff's insurance carrier to mistakenly assume that the complaint filed in Fifth Division District Court was part of Providence Superior C.A. 84–1817 which was settled by stipulation."

■ Rule 60(b) of the Superior Court Rules of Civil Procedure allows relief from judgment by motion or by an independent action in equity. A Rule 60(b) motion must be made not more than one year after the judgment was entered. An independent action in equity is not time barred. *Paul v. Fortier*, 117 R.I. 284, 366 A.2d 550 (1976). Since the District Court default judgment was entered more than one year prior to Forte Brothers' attempt to set it aside, Forte Brothers could not bring a Rule 60(b) motion to vacate the default judgment. Therefore, Forte Brothers brought an independent action in equity to set aside the default judgment.

We have stated the grounds for an independent action in equity in *Opie v. Clancy*, 27 R.I. 42, 60 A. 635 (1905). We found:

"[C]ourts will not entertain a party seeking for relief against a judgment which has been rendered against him in a court of law in consequence of his default in

regard to steps which he might successfully have taken in the court of law, unless some reason founded in fraud, surprise, or some adventitious circumstances beyond the control of the party be shown to excuse such default.

"Where a party having a meritorious defense is by accident, unmixed with negligence on his part, prevented from making his defense or from taking steps for the preservation of his rights, such as moving for a continuance or for a new trial, or taking up the proceedings for review by appeal or error, a court of equity has power to grant relief by enjoining the judgment. Mere accident, however, though unmixed with negligence of the party, will not of itself furnish a ground for relief in equity. A party who has obtained a judgment after a full investigation of the controversy by a competent tribunal will not be forced by a court of equity to submit to a new trial unless justice imperatively demands it. It must clearly appear to the court that it would be contrary to good conscience to allow the judgment to be enforced; in other words, a meritorious defense must be alleged and proved; and it must appear that the accident was unavoidable or in no way attributable to the negligence of the party seeking equitable relief." *Id.* at 49–50, 60 A. at 638.

Further, an independent action in equity may be based on claims of "inadvertence, surprise or excusable neglect as well as fraud." *Paul v. Fortier*, 117 R.I. at 290, 366 A.2d at 553.

 We conclude, after a review of the record before us, that there was insufficient evidence upon which the trial justice based his decision to set aside the default judgment. The trial justice merely states that the action was "reasonable." It remains to be determined, through an evidentiary hearing, the facts surrounding Forte Brothers' default and whether these circumstances fully satisfy the above-described requirements to set aside a default judgment in equity. Hence we do not reach the remaining issues of this appeal.

Therefore, we sustain the defendant's appeal. We reverse the trial justice's order granting the plaintiff's motion to vacate a default judgment and remand the case back to the Superior Court for further proceedings.