Frank HAFNER

v.

Hugh HULSLANDER et al.

No. 93–438–Appeal.

Supreme Court of Rhode Island.

April 22, 1994.

Neil P. Galvin, Middletown, for plaintiff.

Arne Johnson, Newport, for defendant.

## OPINION

PER CURIAM.

This matter came before this court on April 8, 1994, pursuant to an order directing the plaintiff, Frank Hafner (Hafner), to appear and to show cause why his appeal should not be denied and dismissed. Hafner appeals from a Superior Court order denying his motion to vacate a judgment on an arbitrator's award against him in the amount of $92,000.

Hafner filed a complaint against defendants, Hugh Hulslander and Amy K. Hulslander (the Hulslanders), in June 1991. He claimed that the Hulslanders had wrongfully refused to return $10,000 that he had deposited with them as a binder in connection with a conditional purchase-and-sale agreement

relative to the sale of the Hulslanders' property. The Hulslanders filed an answer and counterclaim, seeking $105,000 in damages for Hafner's alleged breach of that agreement.

Hafner filed an arbitration certificate in July 1991, certifying that the matter was subject to court-annexed arbitration according to the arbitration rules and that the monetary claim did not exceed $50,000. Hafner's counsel had filed a motion to withdraw, which was granted in August 1991. The arbitration hearing took place in September 1992, but Hafner was not present nor was he represented by counsel. The arbitrator issued an award to defendants for $92,000, and a judgment was entered against Hafner in October 1992. The Hulslanders were later granted execution of the judgment against Hafner.

In May 1993 another attorney entered his appearance for Hafner, and Hafner filed a "motion to vacate judgment and set aside default." He submitted an affidavit in which he claimed, among other things, that he had moved to Europe in an attempt to obtain visitation rights to see his daughter, whom his former wife had "abducted." He asserted that his "entire focus" in 1992 was on obtaining the right to see his daughter. Although admitting that he recalled seeing a document in September 1992 that had been sent to him regarding the arbitration, he stated that he did not know what the arbitration or arbitration notice meant. He averred that he was unaware that he was required to attend and participate in an arbitration hearing. He also stated that he did not know that the hearing had been held and that a $92,000 judgment had been entered against him.

Hafner also presented an affidavit from Dr. Lucien Kokh, from whom he was receiving psychological counseling in France. Doctor Kokh stated that Hafner suffered from temporarily severe depressions and traumatic shock as a result of his family problems. Doctor Kokh stated that Hafner's condition hindered him from pursuing his immediate and general interests.

The motion justice denied the motion, finding that Hafner had not met the applicable standards under Rule 60(b) of the Superior Court Rules of Civil Procedure. He found that Hafner had failed to prove excusable neglect and also determined that granting the relief Hafner sought "would work a manifest injustice rather than prevent one."

Hafner argues that the motion justice abused his discretion by denying his motion to vacate the judgment. He claims that the motion justice overlooked or misconceived facts presented to him in affidavits. Specifically, he contends that the motion justice ignored Dr. Kokh's affidavit but did not explicitly reject it; therefore, he accepted the veracity of the statements in the affidavit.

The Hulslanders assert that the motion justice rejected on the basis of credibility the affidavits that Hafner filed. They also maintain that the motion justice did not abuse his discretion and that he concluded that excusable neglect had not been proven to the court.

■ Although it appears that Hafner was attempting to resolve a difficult familial situation, this court cannot afford him the relief that he seeks. This court will reverse a trial court's ruling on a motion to vacate a judgment "only upon a demonstrated and clear abuse of discretion." *See Pari v. Pari,* 558 A.2d 632, 634 (R.I.1989). We have stated that excusable neglect that would warrant relief from judgment is conduct that "a reasonably prudent person would take under similar circumstances." *See id.* at 635.

The record reflects that the motion justice carefully reviewed the materials before him. He found that Hafner had failed to show excusable neglect and offered psychological distress to explain his "patently unreasonable" conduct. The motion justice also stated that Hafner had neglected the suit for twenty-one months but "recovered from his depression just in time to prevent the sale of [his] property." Hafner has not persuaded us that the motion justice abused his discretion.

■ Hafner also argues that the motion justice applied a stricter standard than that required for a Rule 60(b) motion by incorrectly relying on *Forte Brothers, Inc. v. Baalbaki,* 569 A.2d 443 (R.I.1990). He as-

serts that the motion justice improperly concluded that "equity requires a showing [that] the movant is completely free of fault in the matter and a victim of circumstances outside of his control" for judgment to be vacated. Hafner states that he had no control over his depression. He also claims that *Forte Brothers* related to an independent action in equity, not a motion under Rule 60(b). The standard in this case, he contends, does not require him to be completely faultless; rather, case law requires a showing of excusable neglect or unique circumstances that would result in a manifest injustice if judgment was not vacated.

The motion justice correctly applied the excusable-neglect standard and the manifest-injustice analysis and found that they did not justify granting Hafner the relief he sought. Therefore, even if the motion justice had not referred to complete faultlessness, he would have reached the same result.

■ Finally, Hafner asserts that the judgment should be voided because it exceeded $50,000, the limit under the arbitration rules then in effect. He does, however, concede that at the time Rule 1(c) of the Superior Court Rules Governing Arbitration of Civil Actions allowed the court to order arbitration when the claims exceeded $50,000 (now the limit is $100,000). He also disputes the conclusion that he "agreed" to submit all claims to arbitration.

The Hulslanders claim that the motion justice stated that Hafner filed an arbitration certificate with notice of their counterclaims in excess of $50,000. They assert that the motion justice committed no error in this regard.

The 1991–1992 arbitration rules require that the award resolve all issues that the pleadings raise and provide that the award may exceed $50,000. *See* Rule 4(c). The record does not reflect that Hafner moved to withdraw the case from arbitration in accordance with Rule 1(d). Therefore, his argument that the judgment should be voided because it exceeds $50,000 is unavailing.

After hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown. Consequently, the plaintiff's appeal is denied and dismissed, and the order appealed from is affirmed.