[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is plaintiffs/counterclaim defendants' motion for a protective order brought pursuant to R.C.P. 30(b) (1). Jurisdiction in this Court is pursuant to G.L. 1956 (1985 Reenactment) § 8-2-14.
Facts and Travel
This case arises out of an automobile accident which occurred on April 24, 1987 involving plaintiffs/counterclaim defendants, Wilma Skutnik and Betty Ann Drezek ("plaintiffs") and North Providence Glass and Aluminum Contractors, Inc. ("North Providence"). At the time of the accident, North Providence was insured by the defendant, Aetna Insurance Company ("Aetna"). Plaintiffs commenced an action against North Providence on November 5, 1988 for injuries arising out of the accident. Plaintiffs amended their complaint on September 30, 1989. Plaintiffs allege that they sent copies of the complaint and summons to Aetna.
On April 14, 1990, plaintiffs moved for a default judgment against North Providence. North Providence and Aetna failed to appear for a hearing on the motion and a default was entered against North Providence on May 9, 1990. Plaintiffs allege that a copy of the default judgment was sent to Aetna. On August 22, 1991, the case was heard for proof of claim. On September 12, 1991, a judgment was entered for Wilma Skutnik in the amount of $154,923.72 and for Betty Ann Drezek for $480,320.61.
Plaintiffs commenced the instant action on April 1, 1994 seeking to enforce the judgment against Aetna, as the insurer of North Providence. In response, Aetna filed a counterclaim commencing an independent action to have the default judgment vacated. In its counterclaim; Aetna alleges that it was never notified that the underlying suit had been commenced against its insured.[1]
In support of its action, Aetna propounded interrogatories to the plaintiffs requesting information pertaining to both the present action and the underlying action. Plaintiffs seek a protective order preventing discovery concerning the underlying personal injury action. Plaintiffs contend that a protective order should be granted because Aetna has no standing to assert an independent action to vacate the judgment which is more than a year old. Further, plaintiffs argue that Aetna's independent action to vacate the judgment should be barred by the doctrine of laches as the judgment was entered three years ago.
In response, Aetna argues that it has stated a valid claim for an independent action to vacate a judgment. In support of its claim, Aetna alleges that plaintiffs never sent notice of the underlying action to Aetna and sent notice to North Providence at an incorrect address. Further, Aetna alleges that plaintiffs misled Aetna's employees and actively concealed the fact that an action had been commenced. Consequently, Aetna argues, information relating to the underlying action is discoverable.
Protective Order
A party or witness who has been served interrogatories may move this Court to protect the party or witness from annoyance, undue expense, embarrassment, or oppression arising out of such a request. R.C.P. 30(b) (1). This Court's authority under R.C.P. 30(b) (1) must be exercised toward the accomplishment of its purpose to protect parties and witnesses. See Bashforth v.Zampini, 576 A.2d 1197, 1201 (R.I. 1990). Generally, this Court will allow discovery of information which is not privileged and is relevant to the subject matter of the pending action.DeCarvalho v. Gonsalves, 106 R.I. 620, 627, 262 A.2d 630, 634 (1970).
An independent action in equity to vacate a judgment is not bound by the one year limitation found in RCP 60(b). Paul v.Fortier, 117 R.I. 284, 286, 366 A.2d 550, 553 (1976). The party asserting an independent action to vacate a judgment must demonstrate: the judgment ought not in good conscience be enforced; a good defense is founded; there is an allegation of fraud, mistake, or accident; the absence of fault or negligence on the part of the defendant in the underlying action; and, the absence of an adequate legal remedy. Id. at 287, 366 A.2d at 552. An action to vacate a default judgment is addressed to the discretion of the Court. Clark v. Dubuc, 486 A.2d 603, 605 (R.I. 1985).
This Court's review of this matter is limited to plaintiffs' request for a protective order. Plaintiffs' contention that Aetna may not assert an independent action to vacate the judgment is not properly before this Court on plaintiffs' motion for a protective order. Plaintiffs have not demonstrated to this Court that they will be submitted to undue expense, annoyance, embarrassment, or oppression if required to respond to Aetna's interrogatories. Further, it is clear that information concerning the underlying action is relevant to Aetna's allegations that plaintiffs misled Aetna's employees concerning the filing of suit. For the reasons hereinabove set out, plaintiffs' motion for a protective order is denied.
Counsel shall submit an appropriate order for entry.
[1] North Providence filed for bankruptcy in 1991.