Sally–Ann BROWN,

v.

**CAMBRIDGE MUTUAL FIRE INSURANCE CO.**

No. 95–160–Appeal.

Supreme Court of Rhode Island.

June 18, 1996.

J. Ronald Fishbein, Providence, for Plaintiff.

Richard L. Patz, Providence, for Defendant.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court for oral argument on April 2, 1996, pursuant to an order that directed both parties to appear and show cause why the issues raised by the plaintiff's appeal from a summary judgment entered in favor of the defendant in the Superior Court should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

The plaintiff, Sally–Ann Brown, filed an action against defendant insurance company, Cambridge Mutual Fire Insurance Co., in 1981, alleging that defendant-insurer failed to honor a theft-loss claim filed by plaintiff. After trial in the Superior Court, a jury returned a verdict in favor of defendant on February 19, 1985. After verdict and upon plaintiff's motion, the trial justice then granted a new trial. This court thereafter, on appeal, affirmed the trial justice's order and remanded the case to the Superior Court for the new trial.

Before the new trial commenced, plaintiff's original attorney filed a motion to withdraw from the case. At a hearing held on that motion, another attorney represented to the court and to plaintiff's original counsel that he was going to enter his appearance on behalf of plaintiff. The motion to withdraw submitted by the original attorney was then granted. The new attorney, however, never entered his appearance on behalf of plaintiff.

When the case was called for the new trial on June 20, 1988, neither the new attorney nor plaintiff appeared. The trial was then continued to June 29, 1988. On that date, because trial counsel and plaintiff once again did not appear, the case was dismissed for failure of plaintiff to prosecute, pursuant to Rule 41 of the Superior Court Rules of Civil Procedure.

After inquiring about the status of her case in September of 1990, plaintiff discovered that the case had been dismissed with prejudice. She had received no notice of the motion to dismiss from either her new attorney or the clerk. Thereafter, on May 1, 1991, plaintiff, recognizing the one year limitation period for motions to vacate pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure, elected to file an action seeking equitable relief pursuant to our holding in *Paul v. Fortier*, 117 R.I. 284, 366 A.2d 550 (1976). The defendant moved for summary judgment on that complaint. The trial justice hearing that motion concluded that, absent fraud, the case of *Fortier*, permitting the filing of an equitable action to set aside a judgment more than one year after the judgment, was of no assistance to plaintiff. He therefore granted defendant's motion for summary judgment and entered final judgment for defendant. The Plaintiff appeals from that final judgment.

We conclude that the granting of the summary judgment motion was error. Contrary to the trial justice's decision, *Fortier* does not limit the relief available to plaintiff only upon a showing of fraud upon the court. Such an "action may be based upon assertions of inadvertence, surprise or excusable neglect as well as fraud." *Fortier*, 117 R.I. at 290, 366 A.2d at 553. In this case there appear to be more than sufficient facts from which the trial justice could have afforded relief to plaintiff.

As an initial matter, it is not clear whether the withdrawal of plaintiff's original attorney complied with Rule 1.6 of the Superior Court Rules of Practice as it existed at

the time of withdrawal.[1] That rule provided that no motion to withdraw could be granted without the attorney first filing with the clerk the last known address of his or her client. Assuming that Rule 1.6 was complied with, then, prior to the dismissal for failure to prosecute, notice of the dismissal hearing date should have been mailed not only to plaintiff's attorney but also to plaintiff, if his or her "address be known." Super.R.Civ.P. 41(b)(1). Conversely, if Rule 1.6 was not complied with and the plaintiff's address was not in the case file, then, since there was no attorney of record at the time of the dismissal, notice should have been published. *Id.* No notice of the dismissal hearing was ever sent to the plaintiff and no notice was ever published. As a result the plaintiff never appeared, and her case was dismissed with prejudice. Had she been afforded notice, she might at least have had the opportunity to file the appropriate motion to vacate within the one year period allowed by Rule 60(b). Accordingly the failure of the Superior Court to comply with its rules of procedure and practice previously noted would weigh in favor of the plaintiff's equitable action.

For the foregoing reasons the appeal is hereby sustained, the judgment below is vacated and this case is now remanded to the Superior Court for further proceedings.

---

1. The withdrawal rule of the Superior Court Rules of Practice is no longer contained in Rule 1.6, but is now codified in Rule 1.5.