**Joan BRUNO**

v.

**Domenic DiPASQUALE.**

No. 97–549–A.

Supreme Court of Rhode Island.

April 3, 1998.

Thomas M. Petronio, Johnston.

John J. Belilacqua.

### ORDER

This matter is here on the plaintiff's appeal from an order denying her motion to obtain an execution out of time under G.L.1956 (1997 Reenactment) § 9–25–3. This case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure following a prebriefing conference and after consideration of the materials submitted to this court.

There is an extensive procedural background to this case. In April of 1985, the parties entered into a contract whereby the defendant promised to build a home for the plaintiff in Cranston, Rhode Island. There were problems, however, and in July 1986, the plaintiff sued for specific performance and damages. Eventually, in 1988, the matter was resolved by an order which mandated that the defendant comply with certain conditions such as quitclaim the property to the plaintiff, pay off a mortgage and liens against the property, among other things, and pay to the plaintiff $12,500. Further the order stated that if any of the provisions are not fully performed with sixty (60) days or the order, then the $12,500 figure would become $40,000 plus interest and costs. Further the order stated that its terms and conditions are nondischargeable in bankruptcy.

On several occasions the defendant was found to be in contempt for not complying with court orders and, he was given opportunities to purge himself. At one point, the defendant spent eight days at the Adult Correctional Institute for failing to close on the property in violation of a later 1989 order.

In June of 1997, the plaintiff tried to execute on the $40,000 ordered against the defendant in the original 1988 order since he had failed to comply with that order within 60 days. However, the defendant successfully argued that the plaintiff's motion is too late under § 9–25–3, which provides:

Executions, original or alias, may be issued by any court at any time within six (6) years from the rendition of the judgment originally or from the return day of the last execution.

The plaintiff would like this court to adopt the position that the time-frame set out in § 9–25–3 is not mandatory, but is discretionary. Further she argues that the bankruptcy operated to stay this action.

We disagree with the plaintiff's contentions. We find the language of the statute to be free from ambiguity and mandatory. Also, since the plaintiff never attempted to execute on the $40,000 prior to the motion filed in 1997, we find her argument about it being barred by the bankruptcy equally without merit. Therefore, this appeal is denied and dismissed. The papers may be remanded to the Superior Court.