July 22, 2025

**Supreme Court**

No. 2023-244-Appeal.
(PC 97-4715)

Capital Video Corporation          :

v.          :

Joseph A. Bevilacqua.          :


NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Capital Video Corporation      :

v.                :

Joseph A. Bevilacqua.        :

Present: Suttell, C.J., Goldberg, Robinson, and Long, JJ.

# O P I N I O N

**Justice Long, for the Court.** The plaintiff, Capital Video Corporation (plaintiff or CVC),[1] appeals from a Superior Court order in favor of the intervenor, Donna Bevilacqua (intervenor or Ms. Bevilacqua), (1) invalidating two pluries executions on a judgment entered in 2002 against the defendant, Joseph A. Bevilacqua (defendant or Mr. Bevilacqua), and (2) requiring the plaintiff to release and discharge those pluries executions.[2] Before this Court, the plaintiff argues that the trial justice erred in "[d]iverging" from the language of G.L. 1956 § 9-25-19 and "invalidating the executions under § 9-25-3's six-year limitations period." For the reasons set forth herein, we affirm the order of the Superior Court.

---

[1] We note that CVC changed its corporate entity name to Capital Ventures Corporation on January 29, 2021. We nonetheless refer to the plaintiff by its name as it was docketed with this Court in its notice of appeal.

[2] Mr. Bevilacqua is not a party to this appeal.

- 1 -

## Facts and Procedural History

The facts and procedural history of this case are largely uncontested. On October 24, 2002, CVC obtained a judgment against Mr. Bevilacqua in the amount of $178,000 plus postjudgment statutory interest dating back to August 27, 2002.

In December 2002, CVC requested from the clerk of the Superior Court a writ of execution for $178,000 plus $6,086.08 in statutory interest. The clerk issued the requested execution (original execution) on December 19, 2002, with a return date of December 19, 2003. In April 2004, CVC requested from the clerk of the Superior Court a new execution because the original execution lapsed and defendant still had not satisfied the judgment. On May 11, 2004, the clerk issued an alias execution (2004 alias execution) with a return date of May 11, 2005. CVC recorded the 2004 alias execution against real property located in Warwick, Rhode Island (Warwick property), which, it is undisputed, defendant jointly owned with his wife, Ms. Bevilacqua. In April 2005, CVC submitted to the clerk of the Superior Court an affidavit stating "[t]hat the original Alias Execution * * * has been lost, stolen, or misplaced * * *." CVC attached to the affidavit a copy of the 2004 alias execution. On May 5, 2005, the clerk issued an alias execution (2005 alias execution) with a return date of May 5, 2006. CVC recorded the 2005 alias execution against real property located in East Greenwich, Rhode Island (East Greenwich property), which, it is undisputed, defendant jointly owned with Ms. Bevilacqua. CVC

subsequently recorded a partial discharge of execution on November 8, 2005, with respect to the East Greenwich property.

By letter dated December 6, 2006, CVC authorized the recorder of deeds in the City of Warwick to release and discharge the 2004 alias execution. The record is silent regarding what, if anything, occurred after the release and discharge of the 2004 alias execution until 2020. On July 23, 2020, however, CVC filed in the Superior Court a request for replacement execution with an affidavit of lost alias execution, referring to the 2004 alias execution. The affiant did not reference or mention the 2005 alias execution. On October 5, 2020, CVC filed a second affidavit attesting that CVC had received only $10,000 from defendant toward the outstanding balance on the judgment. The record does not reflect that the request for the replacement execution came on for hearing, but the clerk issued a pluries execution (2020 pluries execution) that noted a $10,000 payment made by defendant and listed a return date of October 7, 2021. CVC subsequently recorded the 2020 pluries execution with the North Providence recorder of deeds against real property in North Providence, Rhode Island (North Providence property), that defendant jointly owned with Ms. Bevilacqua. On November 10, 2020, defendant and Ms. Bevilacqua transferred the North Providence property by quitclaim deed to Ms. Bevilacqua as sole owner. Thereafter, in May 2021, Ms. Bevilacqua transferred the North

Providence property by quitclaim deed to the Donna R. Bevilacqua Trust as sole owner.

In August 2022, CVC filed a request for an "updated" execution pursuant to §§ 9-25-2 and 9-25-3, stating that the 2020 pluries execution had lapsed and that the judgment remained unsatisfied. On August 19, 2022, the clerk of the Superior Court issued a pluries execution (2022 pluries execution) with a return date of August 20, 2023. CVC recorded the 2022 pluries execution with the North Providence recorder of deeds against the North Providence property. CVC subsequently scheduled a constable's sale of the North Providence property to occur on October 21, 2022.

Ms. Bevilacqua filed an emergency motion to intervene pursuant to Rule 24(a)(2) of the Superior Court Rules of Civil Procedure. She also filed an emergency motion for a temporary restraining order and preliminary injunction to prevent the constable's sale of the property. A consent order entered staying the sale of the property pending the court's determination of the merits of Ms. Bevilacqua's claims. A justice of the Superior Court subsequently held a hearing to consider the validity of the 2020 and 2022 pluries executions.

The trial justice issued a written decision on May 1, 2023, concluding that the 2020 and 2022 pluries executions were invalid. He noted that § 9-25-3 appeared to apply only to original or alias executions, but ultimately determined that original and alias executions were virtually the same mechanism to enforce a judgment as a

pluries execution, with the only distinction being that pluries executions come later in time. As such, the trial justice found it unlikely that the legislature intended to exclude pluries executions from the six-year time frame in § 9-25-3. After considering the plain and ordinary meaning of the terms in the statutes and the legislative intent, the trial justice determined that § 9-25-19 and § 9-25-3 are "[c]learly * * * in conflict." His interpretation of the statutory provisions led him to conclude that the 2020 pluries execution was not issued within the six-year time period following the issuance of the 2005 alias execution and was therefore invalid; and because the 2020 pluries execution was invalid, so too was the 2022 pluries execution because its issuance assumed the validity of the 2020 execution.

An order invalidating the 2020 and 2022 pluries executions and ordering their release and discharge entered on May 9, 2023. The plaintiff's timely notice of appeal followed. The plaintiff also filed motions for a stay pending appeal with the Superior Court and with this Court, which were denied.

**Discussion**

The principal question presented is whether the trial justice erred in invalidating and requiring the release and discharge of the 2020 and 2022 pluries executions. However, Ms. Bevilacqua raises justiciability as a preliminary matter, arguing that the denial of her motion to stay pending appeal renders the question moot; we therefore first consider whether this case presents a justiciable issue.

- 5 -

**Mootness**

"If this Court's judgment would fail to have a practical effect on the existing controversy, the question is moot, and we will not render an opinion on the matter." *Evoqua Water Technologies LLC v. Moriarty*, 334 A.3d 429, 435 (R.I. 2025) (quoting *In re Episcopal Diocese of Rhode Island*, 289 A.3d 164, 168 (R.I. 2023)); *see Morris v. D'Amario*, 416 A.2d 137, 139 (R.I. 1980) ("As a general rule we only consider cases involving issues in dispute; we shall not address moot, abstract, academic, or hypothetical questions."). We are satisfied that our denial of plaintiff's motion to stay pending resolution of the case on appeal did not resolve the matter and render the appeal moot.

Execution is defined by Rule 69(a) of the Superior Court Rules of Civil Procedure as a "[p]rocess to enforce a judgment for the payment of money * * *." Super. R. Civ. P. 69(a). Execution also refers to a writ that a judgment creditor may request from the court after obtaining a judgment for the payment of money. 30 Am. Jur. 2d *Executions* § 43 (May 2025 Update). An execution may issue no sooner than two days after the date of entry of judgment. Section 9-25-2. After the court issues an execution, it "shall, unless otherwise specially provided therein, be made returnable [to the court] one year from the date of the execution * * *." Section 9-25-20. An execution therefore lapses one year from the date of its issuance, but the judgment creditor may request another execution to continue enforcement efforts

subject to § 9-25-3, which authorizes issuance "at any time within six (6) years from the rendition of the judgment originally or from the return day of the last execution." Section 9-25-3.

The December 2002 judgment in this case remains unsatisfied; our decision concerning the validity of the 2020 and 2022 pluries executions will have a practical effect on the process of enforcing the December 2002 judgment; accordingly, the appeal is not moot.

We also reject Ms. Bevilacqua's argument that our earlier denial of plaintiff's motion to stay resolves the matter. Our denial of plaintiff's motion to stay was procedural and did not address the merits of the underlying controversy. *See Indiana State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 960 (2009) ("A denial of a stay is not a decision on the merits of the underlying legal issues.").

Accordingly, because CVC's appeal is not moot, we proceed to evaluate the merits of this case.

**Validity of the 2020 and 2022 Executions**

The plaintiff argues that the trial justice erred in invalidating and requiring the release and discharge of the 2020 and 2022 pluries executions because, plaintiff asserts, pursuant to the plain language of § 9-25-19, "a replacement execution for one so lost or destroyed—*i.e.*, the First Pluries Execution—may issue, without modification, 'at any time.'" (Quoting § 9-25-19.) We disagree.

"We review questions of statutory interpretation *de novo*." *Beagan v. Rhode Island Department of Labor and Training*, 253 A.3d 858, 861 (R.I. 2021) (quoting *Park v. Ford Motor Company*, 844 A.2d 687, 692 (R.I. 2004)). "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Newport and New Road, LLC v. Hazard*, 296 A.3d 92, 94 (R.I. 2023) (quoting *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I. 2009)). We "consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections." *Id.* (quoting *Beagan*, 253 A.3d at 861-62). Similarly, we observe that "statutes relating to the same subject matter should be considered together so that they will harmonize with each other and be consistent with their general objective scope." *Tiernan v. Magaziner*, 270 A.3d 25, 30 (R.I. 2022) (quoting *Such v. State*, 950 A.2d 1150, 1156 (R.I. 2008)). We strive to avoid inconsistency and "attempt to construe two statutes that are in apparent conflict so that, if at all reasonably possible, both statutes may stand and be operative." *Id*. (quoting *Such*, 950 A.2d at 1156).

The statutory framework governing executions exists within G.L. 1956 chapter 25 of title 9. Section 9-25-3, titled "Limitation on issuance," places a time restriction on the issuance of executions:

> "Executions, original or alias, may be issued by any court
> at any time within six (6) years from the rendition of the

- 8 -

judgment originally or from the return day of the last execution." Section 9-25-3.

Section 9-25-19, titled "Replacement of lost or destroyed executions," contains the procedure for obtaining a new execution when the previous one was lost or destroyed:

> "The superior court, family court, or district court, at any time upon application made by the party in favor of whom any original, alias, or pluries execution has issued and upon proof that the execution has been lost or destroyed previous to the satisfaction thereof, may issue, or authorize the clerk of the court to issue, another execution in the place of the one so lost or destroyed." Section 9-25-19.

Consistent with our rules of statutory construction, we harmonize these two provisions and construe them so that each retains meaning. *Tiernan*, 270 A.3d at 30. We therefore disagree with the trial justice that § 9-25-19 and § 9-25-3 are "[c]learly * * * in conflict[,]" but we nevertheless affirm the decision invalidating the 2020 and 2022 pluries executions. *Evoqua Water Technologies LLC*, 334 A.3d at 435 ("[T]his Court is free to affirm the trial justice on grounds other than those relied on in the trial court.").

We have explained that "[t]he Legislature, in enacting § 9-25-3, has seen fit to give a [judgment creditor] a 6-year period during which he may seek an execution order." *Paul v. Fortier*, 117 R.I. 284, 289, 366 A.2d 550, 553 (1976). Furthermore, we have said that the time limitations with respect to issuing executions are mandatory. *See Bruno v. DiPasquale*, 714 A.2d 614, 615 (R.I. 1998) (mem.). The

language of § 9-25-3 authorizes the court to issue an execution within six years of the judgment or within six years of the return date of the last execution. A judgment creditor who seeks to replace an execution pursuant to § 9-25-19—whether the execution sought to be replaced is an original, alias, or pluries execution—is clearly subject to the mandatory time limitations set forth in § 9-25-3.[3]

Section 9-25-19 sets forth a specific procedure for judgment creditors who, while seeking to enforce a judgment by way of a writ of execution, face the need to replace a previously issued execution because the previously issued execution is lost or destroyed. Specifically, the judgment creditor, having received an earlier execution, may apply for a replacement execution only "upon proof that the execution has been lost or destroyed previous to the satisfaction thereof * * *." Section 9-25-19. Upon receipt and consideration of such application made by the judgment creditor, the relevant court may "issue, or authorize the clerk of the court to issue" an execution that replaces the one that is lost or destroyed. *Id.* In essence, the legislature, in enacting § 9-25-19, "has seen fit to give" a judgment creditor a distinct process whereby a judgment creditor may present proof and request the court to consider and authorize the replacement of a previously issued execution; however,

---

[3] Black's Law Dictionary defines an alias execution as "[a] second execution issued to enforce a judgment not fully satisfied by the original writ." Black's Law Dictionary 712 (12th ed. 2024). A pluries execution is defined as "[a] third or subsequent writ issued when the previous writs have been ineffective; a writ issued after an alias writ." *Id*. at 1398.

- 10 -

the circumstances under which the judgment creditor may present such proof and make such a request nevertheless fall within the time limitations in § 9-25-3. *See Fortier*, 117 R.I. at 289, 366 A.2d at 553. The judgment creditor's proof must satisfy the court "that the execution has been lost or destroyed previous to the satisfaction" of the judgment. Section 9-25-19.

The plaintiff failed to satisfy the requirements of chapter 25, title 9 for multiple reasons. First, plaintiff failed to obtain the 2020 pluries execution within six years from the entry of judgment or from May 5, 2006, the return date of the 2005 alias execution. Section 9-25-3. The record reveals no action with respect to enforcement of the judgment between 2006 and 2020.

Second, plaintiff failed to make an application to be heard in the Superior Court regarding the issuance of the 2020 pluries execution. To make an application, as stated in § 9-25-19, means to request, petition, or file a motion with the court seeking particularized relief. *See* Black's Law Dictionary 123 (12th ed. 2014). The record reflects that, although plaintiff filed a request for the issuance of the 2020 pluries execution, plaintiff did not seek a hearing before a justice of the Superior Court. Failure to petition the court regarding the request circumvented the requirement that the court consider the proof and determine whether to issue, or authorize the clerk to issue, a replacement execution.

Third, there is no evidence in the record that the 2005 alias execution was lost or destroyed. The plaintiff's affidavit that accompanied the request for the 2020 execution stated that the 2004 alias execution had been lost; however, plaintiff was required to make a showing that the 2005 alias execution, the previously issued execution to be replaced, was lost or destroyed.

Finally, as to the 2022 pluries execution, plaintiff failed to show that any prior execution was lost or destroyed, or that it was issued within six years of May 5, 2006, the return date of the 2005 alias execution.

Accordingly, we conclude that the 2020 pluries execution and the 2022 pluries execution were therefore invalid; and the trial justice did not err in ordering the release and discharge of the 2020 pluries execution and the 2022 pluries execution.

## Conclusion

For the foregoing reasons, we affirm the order of the Superior Court and remand the record.


Justice Lynch Prata did not participate.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Capital Video Corporation v. Joseph A. Bevilacqua. |
| **Case Number** | No. 2023-244-Appeal.<br>(PC 97-4715) |
| **Date Opinion Filed** | July 22, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Edwarde D. Pare, III, Esq.<br>For Intervenor:<br><br>Lauren E. Jones, Esq. |