DECISION ON POST-TRIAL MOTIONS
Before the Court are several post-trial motions in the above-entitled matter. The defendants, John H. Petrarca and Providence Auto Body, Inc. (defendants), move this Court to correct certain clerical mistakes contained in its judgment of April 30, 1997. The plaintiff, Thomas R. DiLuglio (plaintiff), objects to said motion. The defendant, John Petrarca (Petrarca), also conditionally moves to amend his notice of appeal, in response to which plaintiff has filed a Motion to Strike Amended Notices of Appeal. Additionally, plaintiff moves this Court to increase the supersedeas bond to reflect the value of the judgment at the end of the appeal.
In its decision of August 24, 1994, the Court ruled: "Accordingly, this Court orders the majority shareholder, John Petrarca, to purchase the stock of the minority shareholder, Thomas DiLuglio, at a price equal to its fair market value at the time this action was filed. See G.L. 1956 § 7-1.1-90.1." Subsequently, the judgment presented to this Court by plaintiff and then later entered by this Court on April 30, 1997, stated that "Defendants John Petrarca and Providence Auto Body, Inc. pay to Plaintiff Thomas R. DiLuglio the sum of $174,800.00 with prejudgment interest thereon at the rate of 12%, compounded annually and running from February 7, 1989 to the date of entry of this Judgment and Final Decree." The defendant argues that the judgment's apparent running against both versus one defendant is in contravention of this Court's decision as well as G.L. 1956 § 7-1.1-90.1, thus constituting a clerical mistake warranting correction pursuant to R.C.P. 60 (a). In objection, plaintiff argues that the subject judgment does not contain clerical mistakes but rather reflects this Court's equitable intent to compensate plaintiff for the profits lost during the 1989-1992 period, which commenced with plaintiffs seeking dissolution and an accounting of defendant corporation. Furthermore, plaintiff argues that R.C.P. 60 (a) is an inappropriate vehicle to effect substantive changes in the Court's judgment which should have been addressed by a timely R.C.P. 59 motion.
Pursuant to Sup. Ct. R. App. Pro. 11(f), prior to the docketing of an appeal, the Superior Court possesses jurisdiction concurrent with the Supreme Court to act in respect to the parties, including the correction of clerical mistakes per R.C.P. 60 (a). As the instant appeal has not to date been docketed, judgment on the within, pending motions is herein rendered.
Rule 60 (a) of the Rhode Island Rules of Civil Procedure in relevant part provides that "[clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on motion of any party. . . ." Such errors that may be correctable may be made by the clerk, the court, or the parties. Matter of West Texas Marketing Corp.,12 F.3d 497, 503-4 (5th Cir. 1994). It is well-settled that an R.C.P. 66 (a) motion corrects that which "is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record." McNickle v. Bankers Lifeand Cas. Co., 888 F.2d 678 (1st Cir. 1989) (citing AlliedMaterials Corp. v. Superior Prods Co., 620 F.2d 224, 226 (10th Cir. 1980)). Therefore, the correction of a judgment under R.C.P. 60 (a) cannot cause that judgment to "say something other than what originally was pronounced." (Emphasis added.) 11 Wright 
Miller, Federal Practice and Procedure: Civil 2854 at 241 (1995). Additionally, a Rule 60 (a) motion is appropriate "[if there is any ambiguity or obscurity or if the judgment fails to express the rulings in the case with clarity or accuracy. . . ." SecurityMut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1066 (1980). Here the court may refer to "the findings and the entire record for the purpose of determining what was decided." Id. (citingMoore v. Harjo, 144 F.2d 318, 321 (10th Cir. 1944).
With respect to prejudgment interest, case law has examined the application of R.C.P. 60 (a). The majority view is that R.C.P. 60 (a) is generally "able to correct the omission of interest if said interest is a matter of right or if the judgment has failed accurately to reflect the actual decision of the decisionmaker to award such interest. . . ." In Re FrigitempCorp., 781 F.2d 324, 327 (2d. Cir. 1986). However, defendants' instant allegation of error concerns not the omission but the commencement of prejudgment interest which was clearly awarded in this court's final judgment.
A review of the record indicates that five decisions and/or judgments constitute the applicable record. The original, August 24, 1994 decision, pertaining to the stock purchase, orders "the majority shareholder, John Petrarca, to purchase the stock of the minority shareholder, Thomas DiLuglio, at a price equal to its fair value at the time this action was filed." That decision is silent with respect to prejudgment interest. Thereafter, in its January 13, 1997 decision, rendered after this Court's hearing regarding the adoption of the Special Master's report, the Court did not allude to the subject of prejudgment interest. Subsequently, on March 14, 1997, this Court rendered a decision specifically including prejudgment interest and entitled, "Decision on Interest and Method of Payment to Be Incorporated in Proposed Judgment": "the Court finds the plaintiff is entitled to recover from the defendants the sum of $174,800. with prejudgment [interest] of 12% compounded annually interest thereon in cash, money order, or certified check within 30 days of entry of judgment;. . . ." Noticeably absent is any reference to a commencement date for said interest. However, the Court here used the corporation's borrowing rate at the date of valuation in determining a 12% interest rate. In the Judgment and Final Decree submitted by plaintiff and dated March 31, 1997, this Court ordered ". . . defendants John Petrarca and Providence Auto Body, Inc. [to] pay to Plaintiff Thomas R. DiLuglio the sum of $174,800.00 with prejudgment interest thereon at the rate of 12%, compounded annually and running from February 7, 1989 to the date of entry of this Judgment and Final Decree." No objection was timely made to the subject starting date of prejudgment interest, although defendants filed an R.C.P. 59 (e) Motion to Alter or Amend Judgment, resulting in the subject, amended judgment of April 30, 1997.
There is no "bright line rule" regarding the application of Rule 60 (a). Matter of West, 12 F.3d at 504. With respect to prejudgment interest, many cases distinguish between correcting a judgment to include prejudgment interest when the party is entitled to same as a matter of right versus pursuant to the discretion of the Court. 11 Wright and Miller § 2854 at 246. However, the within motion regards the correction of a starting date for prejudgment interest which has been specifically awarded by the Court. Rule 60 (a) has been applied where a court's judgment provides interest but fails to specify and then omits a rate. See McNickle v. Bankers Life and Cas. Co., 888 F.2d 678
(10th Cir. 1989). Similarly, this Court never specified a commencement date in its decisions prior to the Judgment and Final Decree of March 31, 1997. . .
In its decision of August 24, 1994, pursuant to its § 7-1.1-90.1 equitable devices to fashion a remedy, this Court ordered "the majority shareholder, John Petrarca, to purchase the stock of the minority shareholder, Thomas DiLuglio, at a price equal to its fair value at the time this action was filed. In proceeding under § 7-1.1-90.1, the Court "shall set forth in its order directing the stock to be purchased, the purchase price and the time within which the payment shall be made and may decree such other terms and conditions of sale as it determines to be appropriate including payment of the purchase price in installments extending over a period of time,. . . ." Noticeably absent from the above-mentioned term and conditions that the court may decree as appropriate is the prejudgment interest, which pursuant to the following sentence the petitioner "shall be entitled to" . . . on the purchase price of the shares from the date of the filing of the election to purchase the shares. . . ." Accordingly, the plain and clear language of the statute evidences that the court's equitable powers do not include the awarding of prejudgment interest or the commencement of same from a date other than that of the filing of the election. The equitable relief urged by plaintiff and alluded to in Bogosian v.Woloohojian Realty Corp., 923 F.2d 898 (1st Cir. 1991), on which plaintiff relies, is not available with respect to prejudgment interest under § 7-1.1-90.1. In Bogosian, involving dissolution of a corporation, the court ordered the corporation to execute a mortgage for the purpose of security for the purchase of shares to which petitioning shareholder Bogosian may have become entitled and further ordered the corporation to provide the shareholder with an interim distribution of money per month until a final judgment determined the fair value of the shares. Here exercise of the court's equity power falls within the "terms and conditions of sale as it determines to be appropriate, including payment of the purchase price in installations extending over a period of time . . ." and under "upon full payment of the purchase price, under the terms and conditions specified by the court, or at such other time as may be ordered by the Court. . . ." See § 7-1.1-90.1. Those equitable powers do not, pursuant to the statute, include the awarding and commencement date of prejudgment interest.
With respect to the commencement date of prejudgment interest in the instant matter, the statute does not afford discretion. The statutory provisions regarding the mandatory commencement date of said interest should have been known by the parties. Unlike the frequently disputed commencement date of a contract breach that must be ascertained to calculate the commencement of prejudgment interest, Hegger v. Green 91 F.R.D. 595, 597 (1981), here the mandatory commencement of interest was not the "adjudicatory task" precluding an application of R.C.P. 60 (a).United States v. Griffin, 782 F.2d 1393, 1397 (7th Cir. 1986). Recently, in Lischio v. Gill, No. 96-291-Appeal (Order, entered October 27, 1997), an incorrect rate of interest, other than that mandated by statute, was calculated on final judgment which was subsequently entered. Our Supreme Court found that here where the rate of interest at the time of judgment was not a discretionary function of the trial justice, the court could amend such a clerical error at any time pursuant to Rule 60 (a). In the instant matter, the court finds its correction of the starting date of prejudgment interest, which implements rather than alters the original meaning intended by this Court, falls within the ambit of R C.P. 60 (a). See Griffin, 782 F.2d at 1397.
In their Motion to Correct Clerical errors, defendants also request this Court to enter a new judgment reflecting that its final judgment entered on April 30, 1997 run against only John Petrarca. Rule of Civil Procedure 60 (a) "allows courts to modify their judgments in order to insure that the record reflects the actual intentions of the Court. . . ." Matter of West Texas, 112 F.3d at 504. In DiBello v. St. Jean, 106 R.I. 704, 708,262 A.2d 824, 826 (1970), our Supreme Court affirmed a lower court's Rule 60 (a) correction of an order "which did not accurately evidence the trial justice's pronouncement, essentially to dismiss a claim without prejudice, "to make same conform to the facts and the truth of the case. . . ." In its decision of August 24, 1994, this court specifically ordered "the majority shareholder, John Petrarca, to purchase the stock of the minority shareholder." The subsequent, subject ruling emanated from and effectuated this judgment. Accordingly, this Court grants defendants' motion to correct the clerical error in its amended judgment of April 30, 1997, which erroneously ordered Providence Auto Body, in addition to John Petrarca, to purchase the stock of the minority shareholder.
As this Court has granted defendants' Motion to Correct Clerical Errors in Judgment, this Court denies plaintiff's motion to increase the amount of the supersedeas bond or to require additional security. The amount of a supersedeas bond generally reflects the amount "needed to satisfy the judgment appealed from, as well as costs, interests, and any damages which might be caused by the stay pending appeal." 11 Wright Miller § 2905 at 522. This Court is satisfied that the bond posted in the amount of $450,000. will sufficiently provide security for the judgment, as prejudgment interest will now commence on April 9, 1992, thus reducing the final amount of the judgment. Furthermore, this Court is mindful of the adequate financial resources of the defendants as reflected in the financial statements reviewed by this Court.
Finally, this Court's granting defendants' Motion to Correct Clerical Mistakes in Judgment renders their additional conditional Motion to Amend Notice of Appeal moot. As counsel is now directed to submit for entry a new judgment reflecting this Court's within rulings, this Court does not need to rule on the motion to amend to reflect that John Petrarca was the intended appellant defendant on the defective appeal notice of May 20, 1997.
For the above reasons, this Court grants defendants' Motion to Correct Clerical Mistakes in Judgment and denies plaintiff's prayer to increase the amount of the supersedeas bond as a condition of its stay of execution pending appeal.
Counsel shall submit the appropriate judgment for entry.