Anthony PALAZZOLO

v.

**COASTAL RESOURCES MANAGEMENT COUNCIL et al.**

No. 94–217–A.

Supreme Court of Rhode Island.

May 1, 1995.

John B. Webster, Michael Kelly, Adler, Pollock & Sheehan, Providence, for plaintiff.

Jeffrey Pine, Atty. Gen., Terence J. Tierney, Asst. Atty. Gen., Brian A. Goldman, John D. Biafore, Biafore & Goldman, John R. Mahoney, Patricia Shaw, Asquith, Mahoney & Robinson, Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on April 6, 1995, pursuant to an order directing all parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the plaintiff has appealed from the denial of his motion to vacate an earlier order dismissing his lawsuit against defendants, Coastal Resources Management Council (CRMC), the Department of Environmental Management, and the town of Westerly.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The issues raised in this appeal will be summarily decided at this time.

The facts giving rise to this appeal are as follows. In 1985 plaintiff, Anthony Palazzolo, filed an application to CRMC to develop seventy-four lots of land located off Atlantic Avenue in Westerly, Rhode Island. Following a denial of the application plaintiff claimed that the action of defendants denied him all beneficial use of his property and then filed a law suit against defendants claiming inverse condemnation of his property. In addition to the appeal that is before us, there is also the related administrative appeal of the CRMC denial pending in the Superior Court.

The plaintiff had been represented by a member of the Rhode Island bar as counsel in this action. Over time that attorney failed to appear in court on a number of dates, which included a date on which the motion to dismiss was heard and for which that attorney was given notice. Prior to that time

plaintiff and his attorney agreed that plaintiff should obtain other counsel. The plaintiff then asked the law firm of Adler Pollock and Sheehan (APS) to represent him. This firm advised plaintiff that prior to entering its appearance it would have to obtain his files for its review; however, the files were in the possession of the first attorney. Between April and September 1993, numerous requests to that attorney from plaintiff and APS, requesting an opportunity to review the files, went unheeded. As the attorney continued to refuse to cooperate, plaintiff was forced to file a complaint against the attorney with the disciplinary counsel. The attorney, finally, late in September, relinquished plaintiff's files. Even then, however, the attorney continued to retain a portion of plaintiff's file, because in January 1994, after plaintiff's Superior Court claim had been dismissed, he turned over further research and documents that were part of plaintiff's file. Technically the original attorney was still representing plaintiff because he had not filed a withdrawal of his appearance.

On December 15, 1993, the attorney notified APS that the case had been scheduled for trial for the week of January 10, 1994. The firm had not yet completed a review of plaintiff's file and, because the attorney was still the attorney of record, APS requested that he appear at the trial-calendar call as he was required to do and at that time seek a continuance of the case because he was to be replaced as counsel. At about the same time APS contacted counsel for CRMC to advise her that APS either intended to enter its appearance or probably would enter its appearance in the matter, depending upon whose recollection is correct. The firm also asserts that it requested an agreement for a continuance of the trial in order for APS to have time to prepare for trial and also submit a brief in a related administrative appeal pending in the Providence County Superior Court. APS stated that it "understood" that CRMC's attorney agreed to the continuance under the circumstances. CRMC's attorney denies such an agreement. On the basis of APS's understanding of that conversation, however, APS advised plaintiff's original attorney that there would be no objection to the continuance due to entry of appearance of new counsel.

The day after the above conversation counsel for CRMC prepared and filed a motion to dismiss the action. Naturally, only the counsel of record for plaintiff received notice of the motion. Although APS had informed the agency's attorney it was intending to represent plaintiff, APS, of course, did not receive any notice of the motion to dismiss. As one might predict, CRMC's counsel alone appeared at the hearing, and the motion to dismiss was granted.

On February 21, 1994, plaintiff, by and through APS, which had entered its appearance, filed a motion to vacate the order of dismissal. The trial justice reviewed the procedural history of the case. She noted that plaintiff's counsel had failed to appear at calendar calls in January, April, and September 1993 and January 1994. In addition the parties had represented to the court that the administrative appeal might be dispositive of the case before her and had agreed to a briefing schedule for that administrative appeal; however, no briefs had been filed. She noted that APS had not entered an appearance for plaintiff until after the motion to dismiss was granted. She subsequently denied the motion to vacate the dismissal, and the instant appeal ensued.

Although we have fairly consistently upheld the Superior Court in cases that follow our opinion in *King v. Brown*, 103 R.I. 154, 235 A.2d 874 (1967), we are not at all confident that the result here does justice to plaintiff. In this case plaintiff tried strenuously to extricate himself from a situation in which his case was being severely prejudiced by his attorney's failure to protect his interests. He attempted to engage other counsel, who quite reasonably were reluctant to enter an appearance until either the first counsel withdrew or the first attorney made his file available. Opposing counsel, at least CRMC's counsel, had been informed that a change of counsel was in process. Past performance indicated that a notice of a motion to dismiss, or to do anything else for that matter, sent to opposing counsel was unlikely to generate any response.

**1052**

Yet knowing there would be no response to the motion to dismiss, since no one else on plaintiff's side had been informed, she appeared and successfully argued the motion to dismiss without opposition. In this instance complying with the rule requiring notice to counsel of record was clearly an empty gesture as far as plaintiff himself was concerned.

We fully understand the justified frustration of the court and counsel for defendants. However, it seems to the court unfair to impute to this plaintiff the continuing dereliction of this attorney when the plaintiff was making every effort short of violence to get the prior attorney out of his case. To invoke the agency principle in a case where it was obvious that there was no longer an agency is, in our opinion, elevation of form over substance.

There is precedent for our resolution of this appeal in the case of *Shapiro v. Albany Insurance Co.*, 163 A. 747 (R.I.1933) (Per Curiam). In that case, after initiating suit for his client against an insurer on a fire loss policy, the plaintiff's attorney left the state because of personal problems. A default judgment was entered against the plaintiff. Her successor counsel petitioned for removal of the default judgments in Superior Court under General Laws 1923, ch. 347, § 1. The language of that statute, "against whom a judgment has been rendered on nonsuit, default or * * * by reason of accident, mistake, or unforeseen cause," is not unlike the language of our current statute. This court granted relief, stating, "It is apparent * * * that through no negligence on her part, but through the abandonment of her case by her attorney, she has been deprived of [her] rights." 163 A. at 747. The original attorney in the present case not only abandoned the case by his inaction but frustrated his client's efforts to retain new counsel.

For these reasons the plaintiff's appeal is sustained. The motion justice's order denying the plaintiff's motion to vacate the dismissal order is reversed, and the case is remanded to the Superior Court for further proceedings.