Joyce LABOSSIERE

v.

Jason BERSTEIN, M.D.

No. 2001–210–Appeal.

Supreme Court of Rhode Island.

Nov. 12, 2002.

Peter P. D'Amico, Providence, for Plaintiff.

Paul F. Galamaga, for Defendant.

Present: WILLIAMS, C.J., and LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on September 25, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The plaintiff, Joyce Labossiere (Labossiere or plaintiff), appeals from a Superior Court order denying her motion to vacate a default judgment in favor of defendant, Dr. Jason Berstein (Berstein or defendant). Labossiere filed a complaint against Berstein on March 23, 1999, alleging medical negligence during the delivery of her child and related post-operative care. During the course of pretrial discovery, plaintiff sought alternative representation from her attorney of record, Gregory J. Acciardo (Acciardo), and requested that all further proceedings be handled by attorney Peter P. D'Amico (D'Amico).

The defendant was given notice of the change of attorney by Acciardo in a letter dated July 12, 2000, which requested that all future pleadings and correspondence be directed to D'Amico. However, no with-

drawal of appearance was entered by Acciardo, and no entry of appearance was filed by D'Amico. Although aware of Labossiere's change of counsel, defendant continued to direct all correspondence exclusively to Labossiere's original attorney, Acciardo. According to defendant's counsel, Acciardo received notice in July 2000, informing him that no documents would be forwarded to D'Amico until D'Amico formally entered an appearance in the case.

As pretrial discovery proceeded without notice to plaintiff's new attorney, a discovery dispute arose. Berstein filed a motion to compel a more responsive answer to an interrogatory, seeking information on Labossiere's medical experts. The motion was granted; however, it incorrectly referenced interrogatory question No. 24, rather than No. 18. Labossiere was ordered to provide a more responsive answer to interrogatory question No. 24 on or before September 19, 2000. Although the case file was forwarded to D'Amico sometime in September, he never received notice of the motion or subsequent order. Consequently, as might be expected, D'Amico made no appearance or response in the case. All pleadings were directed exclusively to Acciardo, who failed to respond or take any action to protect his client's interests, notwithstanding his erroneous belief that he was no longer her attorney.

On September 13, 2000, Berstein filed a motion to dismiss the action because of Labossiere's failure to file a more responsive answer to interrogatory No. 24. A conditional order of dismissal was granted on October 13, 2000, providing that plaintiff had until October 31, 2000, to provide a more responsive answer. Upon receiving no further response from Labossiere, final judgment was entered in Berstein's favor on November 27, 2000.[1]

Upon initial review of Labossiere's file on February 12, 2001, D'Amico discovered that final judgment had entered. On February 16, 2001, D'Amico made a belated entry of appearance as counsel and moved to vacate the judgment pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure. After a hearing on April 12, 2001, plaintiff's motion to vacate was denied. Consequently, this appeal ensued.

In support of his motion to vacate, D'Amico argued to the trial justice that plaintiff's unresponsiveness, which resulted in the harsh consequence of a default judgment, was the result of excusable neglect. He relied on Rule 60(b)(1) that affords relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Principally, D'Amico argued that Acciardo had relied on the letter sent to defendant's counsel informing him of his withdrawal and requesting that future documents be forwarded to D'Amico as an effective withdrawal from the case. D'Amico argued that such reliance, coupled with his failure to make a formal entry of appearance with the court and the decision of defense counsel declining to forward pending documents to D'Amico, was ample grounds to vacate the default judgment on the ground of excusable neglect. Additionally, plaintiff's counsel argued that Rule 60(b)(4), which affords relief when "the judgment is void," and Rule 60(b)(6), providing for relief for "any other reason," were applicable. Further, D'Amico argued that the default judgment was void because of the inconsistent and erroneous reference to interrogatory No. 24, a question that previously had been adequately answered and was not, in fact, the "expert interrogatory" question later referenced. Counsel for plaintiff argued that confusion

---

1. The defendant's motion for entry of final judgment made reference to the interrogatory question at issue as the "expert interrogatory," rather than No. 24.

was caused by this error and that the more complete answer sought had been adequately answered. D'Amico questioned the equity of denying his client her day in court under circumstances of mutual confusion, as might be remedied under Rule 60(b)(6) for "any other reason justifying relief from the operation of the judgment."

The motion justice disagreed with plaintiff's arguments, noting that defense counsel was not obligated to forward documents to any attorney other than counsel of record, and that any reliance on Acciardo's representations would have been at defendant's own peril.

In the appeal now before us, plaintiff argues that the hearing justice abused her discretion in denying plaintiff's motion to vacate. She reasserts her original Rule 60(b) grounds for relief, and underscores the manifest injustice that would result if the final default judgment remains intact. The defendant asserts that excusable neglect was not shown; he argues that Acciardo was well aware of defense counsel's plans to continue forwarding documents exclusively to his office until D'Amico filed an entry of appearance. Additionally, defendant argues that either Acciardo or D'Amico should have had the professional wherewithal to appear on plaintiff's behalf and stave off an inevitable entry of final judgment. The defendant asserts that the initial order for a more responsive answer on medical experts, despite the erroneous number reference, was warranted. Regardless, defendant asserts that plaintiff failed to comply with the Superior Court's conditional order of dismissal. Lastly, defendant argues that plaintiff's assertion that the judgment was void is without merit because any attack on the underlying judgment is handled by a direct appeal, not by a motion to vacate pursuant to Rule 60(b)(4).

█ It is well settled that motions to vacate a judgment are left to the sound discretion of the motion justice and will not be disturbed on appeal unless an abuse of discretion or error of law is shown. *See, e.g., Bailey v. Algonquin Gas Transmission Co.*, 788 A.2d 478, 482 (R.I. 2002); *Webster v. Perrotta*, 774 A.2d 68, 75 (R.I.2001). In this case, plaintiff maintains that her attorneys' neglect was excusable and that she is a victim both of miscommunication over an interrogatory and the transition between the retention of one lawyer and the termination of another. Although this Court has weighed the equities in the victimized client's favor under similar circumstances and granted relief to a defaulted plaintiff, *Palazzolo v. Coastal Resources Management Council*, 657 A.2d 1050, 1052 (R.I.1995), it is with great infrequency that relief from a final default judgment is obtained. We consistently have upheld the Superior Court in cases in which unexplained neglect fails to excuse a party's noncompliance with procedural requirements. *Iddings v. McBurney*, 657 A.2d 550 (R.I.1995). Relief from a default judgment caused by counsel's failure to comply with a conditional order of dismissal will be granted only if it first is established that the attorney's neglect was coupled with some significant extenuating circumstances. *King v. Brown*, 103 R.I. 154, 235 A.2d 874 (1967). This case falls light on excuse and heavy on neglect. The record in this case fails to disclose any significant extenuating circumstances. Unfortunately, plaintiff fails to point to any occurrence sufficient to warrant vacating the Superior Court order of final judgment.

The case of *Palazzolo* is distinguishable from the appeal at hand. In that case, the plaintiff's complaint against the defendant was dismissed after the plaintiff's attorney failed to appear for a series of court hearings, most notably the hearing on the de-

fendant's motion to dismiss. *Palazzolo,* 657 A.2d at 1052. The record disclosed that Palazzolo worked tirelessly to terminate counsel, actively seeking transfer of his case files to his new counsel, whom he had retained well before the dismissal motion was granted. *Id.* at 1051–52. His efforts were severely hindered by previous counsel. This Court determined the circumstances unusual, stating that it seemed "unfair to impute to this plaintiff the continuing dereliction of this attorney." *Id.* at 1052. We declined to invoke agency principles, finding that an agency relationship no longer existed between plaintiff and prior counsel. Although similarities are noted in the present appeal, Labossiere and D'Amico were not actively engaged in this litigation either through efforts to respond to the pressing discovery or to seek a continuance. Rather, a general lack of responsiveness resounded on plaintiff's side. The neglect was, on its face, mere neglect. The noncompliance by counsel was neither excusable, nor did it rise to such a level of reprehension to warrant intervention by this Court in the interest of justice. Although in both cases the opposing side took obvious advantage of plaintiff's plight, knowing full well the likelihood that no one would make an appearance to salvage the case, in *Palazzolo* this strategy bordered on trickery. In this case, defense counsel, although opportunistic, was entitled to rely upon the provisions of the Superior Court Rules of Practice[2] in declaring that no pleadings would be sent to D'Amico unless he formally entered an appearance. The defendant was not required to rely on the communication of Acciardo requesting that documents be forwarded to D'Amico without a corresponding entry of appearance by D'Amico.

*Parrillo v. Chalk,* 681 A.2d 916, 920–21 (R.I.1996).

Based on the standards of Rule 60(b)(1), plaintiff's counsel has failed to show sufficient extenuating circumstance to warrant relief. This is a case of dereliction of duty by plaintiff's original counsel and her subsequent attorney. "Excusable neglect that would qualify for relief from judgment is generally that course of conduct which a reasonably prudent person would take under similar circumstances." *Pari v. Pari,* 558 A.2d 632, 635 (R.I.1989). Counsels' actions do not satisfy this reasonably prudent person standard. Each attorney neglected to file proper notices with the court as governed by Rule 1.5 of the Superior Court Rules of Practice. Having received written notification that defense counsel would refrain from forwarding documents until a proper withdrawal was accomplished, Acciardo ignored this notice. As hearing dates came and went, and a myriad of notices came through Acciardo's office declaring that final judgment was imminent, Acciardo owed Labossiere, at the very least, an appearance on her behalf or a call to D'Amico indicating the status and urgency of the case. As a servant first and foremost to the client, Acciardo was not relieved of all obligation upon initial termination of his services; he owed his client a duty to properly terminate his representation on her behalf. His duties did not end with a simple letter to defense counsel. As misfortune would have it, Labossiere consequently retained D'Amico, who also was neglectful by failing to file an appearance or keep apprised of the case status.

---

**2.** Rule 1.5(a) of the Superior Court Rules of Practice provides that "[n]o attorney appearing in any case will be allowed to withdraw without the consent of the court. Except where another attorney enters an appearance at the time of such withdrawal, all withdrawals shall be upon motion with reasonable notice to the party represented."

215

Further, we are satisfied that the hearing justice did not abuse her discretion in denying plaintiff's motion to vacate on the basis of "any other reason justifying relief" found in Rule 60(b)(6). If inexcusable neglect precludes relief under Rule 60(b)(1), then the same inexcusable neglect cannot constitute the "other" grounds under Rule 60(b)(6) unless "other extraordinary and unusual factors also are present." *Bailey,* 788 A.2d at 483. The record discloses only unreasonable neglect and mistake, but nothing extraordinary.

Finally, the hearing justice did not abuse her discretion in denying the plaintiff's motion to vacate on the grounds of a void judgment. The plaintiff's argument centers on the correctness of the underlying judgment. However, " '[a] judgment is not void merely because it is erroneous.' " *Allstate Insurance Co. v. Lombardi,* 773 A.2d 864, 869 (R.I.2001) (quoting *Jackson v. Medical Coaches,* 734 A.2d 502, 506 (R.I.1999)). An erroneous judgment is subject only to direct attack, as the defendant correctly asserted. When an error of law has been committed by a hearing justice, relief is available under Rule 60(b)(4) only when the court entering the judgment lacked jurisdiction, or the court's actions amounted to "a plain usurpation of power constituting a violation of due process." *Allstate Insurance Co.,* 773 A.2d at 869 (quoting *Hoult v. Hoult,* 57 F.3d 1, 6 (1st Cir.1995)). The plaintiff has asserted neither argument.

Accordingly, for the reasons stated herein, we deny and dismiss the plaintiff's appeal and affirm the order of the Superior Court. The case is remanded to the Superior Court.