Geraldine C. SLOAT

v.

The CITY OF NEWPORT by and
through its Director of Finance,
Laura SITRIN et al.

No. 2010–160–Appeal.

Supreme Court of Rhode Island.

May 27, 2011.

Lewis J. Paras, Esq., Warwick, for Plaintiff.

Melody A. Alger, Esq., Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice INDEGLIA, for the Court.

The defendant, the City of Newport (Newport or the city), appeals from a Superior Court judgment granting Geraldine C. Sloat's (plaintiff or Sloat) petition to vacate the summary judgment entered in favor of Newport. Newport argues that Sloat was not entitled to such "extraordinary relief" because the petition was not timely and the plaintiff was not without fault in failing to raise a defense to Newport's motion for summary judgment. The city further argues that, regardless, Sloat lacked standing to petition for such relief. Newport also argues that the trial justice abused her discretion when she denied its request to conduct additional discovery relative to the petition prior to granting it. The case came before this Court for oral argument on May 5, 2011, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be decided summarily. After an examination of the written and oral submissions of the parties, we are of the opinion that cause has not been shown and the appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

## I

### Facts and Travel

On November 19, 2004, plaintiff filed a complaint in Washington County Superior Court naming Newport and the State of Rhode Island (the state) as defendants. The plaintiff alleged that "[o]n or about December 2, 2001, [she] was walking on [a] sidewalk located in the vicinity of 55 America's Cup Avenue in the City of Newport and in the exercise of due care." On that day, according to plaintiff, she "was injured when she tripped and fell on the raised portion of said sidewalk." She alleged that both Newport and the state were responsible for maintaining the sidewalk that she tripped on and that both were negligent in this maintenance, "creating an unsafe condition for individuals * * * to walk safely on said sidewalk." In an answer filed on January 5, 2005, Newport denied that it was responsible for maintenance of the sidewalk "in the vicinity of 55 America's Cup Avenue." It also asserted a cross-claim against the state codefendant for "full indemnification

and/or contribution" in the event that Newport was held liable to plaintiff.

On January 19, 2005, the state filed an answer to plaintiff's complaint.[1] In its answer, the state denied that it was responsible for maintaining the sidewalk on America's Cup Avenue in the area where plaintiff allegedly sustained her injuries. It did not assert a cross-claim against co-defendant Newport.

On June 30, 2005, Newport filed a motion for summary judgment under Rule 56 of the Superior Court Rules of Civil Procedure on the grounds that it did not owe a duty to plaintiff because "the State of Rhode Island assumed responsibility for the maintenance of sidewalks adjacent to America's Cup Avenue" through "a Construction and Maintenance Agreement" designated as Rhode Island Contract No. 6886. It attached the just-referenced agreement to the motion as well as a copy of this Court's opinion in the case of *Pullen v. State of Rhode Island,* 707 A.2d 686 (R.I.1998). A copy of the motion was not sent to the state. The city argued that this Court in *Pullen,* 707 A.2d at 692, "concluded that the Maintenance Agreement extinguished any duty on the part of [Newport] to maintain those sidewalks adjacent to America's Cup Avenue." The uncontested motion for summary judgment was heard before a justice of the Superior Court on November 21, 2005.[2] An order was entered on December 2, 2005, granting Newport's motion for summary judg-

ment, and final judgment was entered that same day.

The state filed its own motion for summary judgment on March 31, 2008. To support its motion, the state argued, *inter alia,* that it was Newport, not the state, that had a duty to maintain the portion of sidewalk in the vicinity of 55 America's Cup Avenue where plaintiff allegedly sustained her injury. It argued that the construction and maintenance agreement cited by Newport to support its argument that responsibility for maintaining the sidewalks on America's Cup Avenue fell on the state did not cover the portion of sidewalk where plaintiff allegedly was injured. To its motion, the state attached an affidavit of the acting chief engineer at the Rhode Island Department of Transportation. He attested that after reviewing the relevant contracts, "the [s]tate was not responsible for maintaining the sidewalk in the vicinity of 55 America's Cup Avenue in Newport, Rhode Island at or around the time of the incident" because it was Rhode Island Contract No. 7407, which did not place sidewalk-maintenance responsibility on the state, that applied to the area in question, not Rhode Island Contract No. 6886.

In her objection to the state's motion for summary judgment, Sloat remained steadfast that the state had a duty to maintain the sidewalk where she claimed to have injured herself. She argued that when the court granted Newport's motion for summary judgment, it "concluded that Rhode Island Contract No. 6886 applied to the

---

1. The answer erroneously was filed in Providence County rather than Washington County. Its certification indicates that a copy was mailed on January 19, 2005, to plaintiff's counsel, but not to Newport's. As a result of the filing error, the answer was in storage in Providence County until November 2009, when it correctly was docketed in Washington County.

2. Although the state was not provided with a copy of Newport's motion for summary judgment, the record indicates that the state received a copy of correspondence dated July 8, 2005, from plaintiff to Newport discussing the continuance of the date on which Newport's motion was scheduled to be heard. Neither the state nor plaintiff objected to Newport's motion for summary judgment, although counsel for plaintiff represented to this Court that he attended the hearing.

area where [she] fell." Additionally, Sloat contended that, although the state did not receive a copy of Newport's motion for summary judgment, "it was made aware of the motion on July 8, 2005[,] * * * but failed to object." The state's motion for summary judgment was denied on February 16, 2009.

On April 24, 2009, Sloat initiated an independent action in equity to vacate the judgment entered in favor of Newport.[3] She argued that the judgment should be vacated because Newport did not forward a copy of its motion for summary judgment to the state, and, as a result, the state "did not object to the motion and did not attend the hearing on the motion." Therefore, Sloat submitted, if the state had been furnished with a copy of Newport's motion, it would have offered the hearing justice its argument that the state was not responsible for the sidewalk's maintenance because the construction and maintenance agreement relied on by Newport did not apply to the portion of sidewalk where Sloat claimed to have tripped.

The state, although not named in the petition, filed a memorandum of law addressing "the legal standard for an independent action in equity" as a codefendant in the underlying civil action. It concluded that the Superior Court "ha[d] the discretion and legal authority to grant the instant petition." The state suggested that plaintiff had "a meritorious defense [to the motion] that was apparently unknown at the time of [Newport's] motion for summary judgment" because at that time "[she] was under the impression that the

[s]tate did not dispute responsibility for the sidewalk in question."

In its objection to the petition to vacate, Newport argued that plaintiff was "not entitled to relief" because the petition was untimely and plaintiff could not "meet the standard that fraud, accident, or mistake prevented [Sloat] from obtaining the benefit of her defense to [Newport's] motion for summary judgment, nor that she was free from negligence in allowing [Newport's] motion to be granted." Additionally, Newport contended that neither Sloat nor the state had standing to seek to have the judgment entered in Newport's favor vacated. Newport argued that plaintiff failed to object to the motion and had no greater rights than the state, which did not file a cross-claim against Newport and therefore lacked the ability to challenge the exoneration of a codefendant.

The plaintiff's petition was heard before a justice of the Superior Court in Washington County on November 19, 2009. The trial justice recounted the facts giving rise to plaintiff's petition and proceeded to address "whether * * * [p]laintiff [was] entitled to bring an independent action in equity seeking relief from judgment based on newly discovered evidence." The trial justice noted the parties' respective arguments and remarked that Newport's "delay in diligence arguments [had] some credence" and "some merit." However, she concluded that plaintiff did not have "unclean hands" because "[a]t the time of [Newport's] motion for summary judgment[,] [p]laintiff was justifiably under the impression that the [s]tate did not dispute responsibility for the sidewalk mainte-

---

**3.** Rule 60(b) of the Superior Court Rules of Civil Procedure provides in relevant part:

> "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding * * *. This rule does not limit the power of

a court to entertain an independent action to relieve a party from a judgment * * *. * * * [T]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

nance as the [s]tate filed no objection to [Newport's] motion." Because Newport did not provide the state with a copy of its motion, "the delay in discovering the evidence * * * was not caused by the fault or negligence of [Sloat]."

Having dispatched with plaintiff's alleged negligence, the trial justice found that Sloat then "more easily satisfie[d] the remaining elements necessary to maintain an independent equitable action seeking relief from judgment." She concluded that, in light of the new evidence raising a "meritorious defense" to Newport's "disclaimer of liability," Newport's removal from the case could potentially leave Sloat "without a remedy." The trial justice also found that Newport's mistakes of relying on the incorrect contract and not serving the state with its motion prevented Sloat "from obtaining the benefit of the defense" that Newport was responsible for the portion of sidewalk where her injury occurred, thereby keeping the city in the case. She concluded that the newly discovered evidence was not originally discoverable in the exercise of reasonable diligence and "would probably change the outcome of the case." Finally, the trial justice concluded that plaintiff had standing to bring the petition because she was "asserting her own prejudice and injury created by the lack of service to the [s]tate." She also declined Newport's request to conduct additional discovery to determine if the state had notice of the city's motion because the court file did not reveal any indication that "the [s]tate ever received actual notice of [Newport's] motion for summary judgment."

On February 4, 2010, an order was entered granting plaintiff's petition and vacating the summary judgment entered for Newport. A final judgment was entered

that same day. Newport filed a premature notice of appeal on January 28, 2010.[4]

## II

### Issues on Appeal

On appeal, Newport argues that the trial justice abused her discretion when she granted plaintiff's petition for equitable relief and vacated the judgment entered in favor of Newport. Additionally, Newport identifies five errors of law that it submits the trial justice committed when she granted plaintiff's petition: (1) the determination that the state identified "newly discovered evidence"; (2) the finding that plaintiff was not negligent in discovery of the evidence; (3) the finding that plaintiff was prejudiced by Newport's failure to serve the state with its motion for summary judgment; (4) the grant of the petition despite plaintiff's failure to file the petition "within a reasonable time"; and (5) the denial of Newport's "right to conduct discovery."

## III

### Standard of Review

"[M]otions to vacate a judgment, are 'left to the sound discretion of the motion justice and will not be disturbed on appeal unless an abuse of discretion or error of law is shown.'" *Pleasant Management, LLC v. Carrasco,* 870 A.2d 443, 445 (R.I.2005) (quoting *Labossiere v. Berstein,* 810 A.2d 210, 213 (R.I.2002)). This standard likewise applies to appeals from a ruling on an independent action in equity to vacate a judgment. *See Clark v. Dubuc,* 486 A.2d 603, 604, 605 (R.I.1985) (noting that "[t]he trial justice, in his discretion" treated the defendant's motion to vacate a

4. Because a final judgment ultimately entered in this case, we will treat the premature notice of appeal as timely filed. *Otero v. State,* 996 A.2d 667, 670 n. 3 (R.I.2010).

judgment as an independent action in equity and granted him relief on that basis).

## IV

### Discussion

■ "Rule 60(b) of the Superior Court Rules of Civil Procedure permits a party to seek relief from a judgment by filing a separate independent action—even if it files the independent action more than one year after the entry of the judgment." *Allstate Insurance Co. v. Lombardi,* 773 A.2d 864, 869 (R.I.2001) (citing *Reynaud v. Koszela,* 473 A.2d 281, 285 (R.I.1984)). "A party seeking relief from a judgment via an independent action in equity must satisfy all the following traditional elements: '(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) *the absence of fault or negligence on the part of the defendant;* and (5) the absence of any adequate remedy at law.'" *Id.* at 873 (quoting *Clark,* 486 A.2d at 605 n. 3). After careful review of the record and the parties' arguments, it is apparent that Newport's appeal turns on the fourth element, requiring *"the absence of fault or negligence on the part of* [Sloat]." *Id.* To succeed in an independent action in equity to vacate a judgment, the entry of the judgment must be "in no way attributable to the negligence of the party seeking equitable relief." *Paul v. Fortier,* 117 R.I. 284, 288, 366 A.2d 550, 552 (1976) (quoting *Opie v. Clancy,* 27 R.I. 42, 50, 60 A. 635, 638 (1905)).

■ By bringing this independent action in equity, Sloat seeks extraordinary relief invoking equitable principles. *Ocean Road Partners v. State,* 612 A.2d 1107, 1111 (R.I.1992) ("[T]he granting of equitable relief is extraordinary relief and will not be applied unless the equities clearly must be balanced in favor of the party seeking that relief") (citing *Greenwich Bay Yacht Basin Associates v. Brown,* 537 A.2d 988, 991 (R.I.1988)). Specifically, the "fourth element [requiring the absence of the petitioner's negligence] reflects the traditional principle that equitable relief is limited to situations in which the party seeking this remedy presents itself to the court with 'clean hands.'" *Allstate Insurance Co.,* 773 A.2d at 873 (citing *Opie,* 27 R.I. at 49–50, 60 A. at 638). The trial justice found "that the facts of this case do not indicate that [Sloat] [had] unclean hands." We disagree and rather conclude that plaintiff failed to establish the requisite absence of fault or negligence for obtaining relief from a judgment in an independent action in equity.

The trial justice detected an "absence of fault and negligence" on Sloat's part because Sloat "had only the construction and maintenance agreement and the attached map provided by the [c]ity" at the time of Newport's motion for summary judgment.[5] However, Sloat also had the state's answer to her complaint, which significantly supplemented the material she had at her disposal. Although the state erroneously filed its answer in Providence County rather than Washington County, causing it to

---

5. We also note that the trial justice viewed the fourth element of an independent action to vacate a judgment requiring an absence of negligence to be the most vexing obstacle to Sloat's petition to vacate because she found both "merit" and "credence" in the city's argument that Sloat "was not free from negligence." After concluding that Sloat was not negligent in failing to object to Newport's motion for summary judgment, the trial justice remarked that plaintiff "more easily satisfie[d] the remaining elements."

be lost in the shuffle for more than four years, the certification on the answer indicates that the state mailed a copy to Sloat's counsel on January 19, 2005, thus apprising her of its position on each of her allegations.

■ The trial justice found that Sloat "was justifiably under the impression that the [s]tate did not dispute responsibility for the sidewalk maintenance." However, the state's answer establishes that such an impression, in fact, would not have been justified. In paragraph 11 of count 2 of Sloat's complaint, she averred that "[o]n or about December 2, 2001, the [state] was responsible for the maintenance of the sidewalk located in the vicinity of 55 America's Cup Avenue, located in the City of Newport." In paragraph 11 of count 2 of the state's answer, which was provided promptly to Sloat's counsel months before Newport filed its motion for summary judgment, it flatly denied this allegation that it was responsible for the sidewalk maintenance in the area where Sloat allegedly was injured. Thus, contrary to the trial justice's determination, the state's responsibility for sidewalk maintenance was not "undisputed." It is well settled that "courts will not entertain a party seeking relief against a judgment which has been rendered against him in a court of law in consequence of his default in regard to steps which he might successfully have taken in the court of law, unless some reason founded in fraud, surprise, or some adventitious circumstances beyond the control of the party be shown to excuse

such default." *Paul,* 117 R.I. at 290, 366 A.2d at 553 (quoting *Opie,* 27 R.I. at 49–50, 60 A. at 638) (emphasis omitted). In light of Sloat's receipt of the state's answer, its denial of responsibility for sidewalk maintenance in its motion for summary judgment more than three years later should not have come as a surprise.[6]

The trial justice also dismissed Newport's argument that Sloat's negligence was displayed through a lack of due diligence in discovering the new evidence of Newport's potential liability. However, we cannot ascribe to the trial justice's conclusion that "[u]nder these particular circumstances ordinary diligence would not require the [p]laintiff to verify the accuracy of the construction and maintenance agreement through depositions and expert review since the [s]tate's responsibility for sidewalk maintenance appeared undisputed."[7] Sloat had ample opportunity to conduct discovery and object to Newport's motion for summary judgment, which she did not do. Moreover, she did not propound discovery requests upon the state until September and October 2008, nearly three years after Newport's motion for summary judgment was granted. In our view, Sloat was required to exercise diligence in verifying the city's contentions, and her failure to do so in the face of the state's unequivocal denial of responsibility for maintenance of the sidewalk where she alleged to have fallen is fatal to her independent action in equity to vacate the summary judgment granted in favor of Newport. *See Medeiros v. Anthem Casualty*

6. Sloat's counsel maintained up to and throughout oral argument before this Court that the state's answer merely denied liability for Sloat's injuries, as opposed to containing a denial of responsibility for the maintenance of the area of the sidewalk along America's Cup Avenue where Sloat sustained her alleged injury. We carefully have examined both Sloat's complaint and the state's answer and observe that, contrary to plaintiff's assertions, the state denied responsibility for the maintenance of this portion of the sidewalk.

7. The trial justice "intertwine[d] the standard of newly discovered evidence with the requirements for an independent equitable action."

*Insurance Group,* 822 A.2d 175, 178, 179 (R.I.2003) (holding that "[t]he plaintiff was not entitled to a vacation of the summary judgment because she did not exercise due diligence to discover the evidence that she [contended on appeal] would have precluded summary judgment" by neglecting to interview or depose a key witness).

Though we are mindful that our review is a deferential one, it "cannot be equated with no review at all." *Pleasant Management LLC,* 870 A.2d at 445 (quoting *The Astors' Beechwood v. People Coal Co.,* 659 A.2d 1109, 1115 (R.I.1995)). Accordingly, we hold that Sloat was not entitled to this extraordinary equitable relief because she failed to establish the crucial element of an absence of negligence on her part. *See Allstate Insurance Co.,* 773 A.2d at 873 (holding that as a result of its negligence in failing to oppose a petition to confirm an arbitration award, the plaintiff "was unable to satisfy the traditional requirements of an independent action in equity that would have entitled it to obtain relief from the judgment"). As such, we need not reach the other issues raised in this appeal.

## V

### Conclusion

For the foregoing reasons, we vacate the judgment of the Superior Court and remand the case for further proceedings not inconsistent with this opinion. The record shall be returned to the Superior Court.