July 29, 2025

Walter M. Potenza et al.　　　　　:

v.　　　　　　　　　:

Deutsche Bank National Trust　　:
Company, as Trustee for the Registered
Holders of CBA Commercial Assets
Small Balance Commercial Mortgage
Pass-Through Certificates,
Series 2006-01.

NOTICE:　This opinion is subject to formal revision before publication in the Rhode Island Reporter.　Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Walter M. Potenza et al.            :

v.                                  :

Deutsche Bank National Trust        :
Company, as Trustee for the Registered
Holders of CBA Commercial Assets
Small Balance Commercial Mortgage
Pass-Through Certificates,
Series 2006-01.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.**  The plaintiffs, Walter M. Potenza and Carmela

Natale (plaintiffs), appeal from a Superior Court decision granting judgment on the

pleadings in favor of the defendant, Deutsche Bank National Trust Company, as

Trustee for the Registered Holders of CBA Commercial Assets Small Balance

Commercial Mortgage Pass-Through Certificates, Series 2006-01 (Deutsche Bank),

in the plaintiffs' independent action in equity filed pursuant to Rule 60(b) of the

Superior Court Rules of Civil Procedure.  This case came before the Supreme Court

pursuant to an order directing the parties to appear and show cause why the issues

raised in this appeal should not be summarily decided.  After considering the parties'

- 1 -

written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this appeal may be decided without further briefing or argument. For the reasons stated herein, we affirm the order and judgment of the Superior Court.

## Facts and Procedural History

This action in equity relates to a 2011 breach-of-contract action filed by Deutsche Bank against plaintiffs, alleging that they had defaulted on a promissory note and loan modification agreement. Deutsche Bank obtained judgment in the amount of $1,662,837.12 on April 10, 2017. The plaintiffs filed the instant independent action in equity on September 10, 2021, alleging that Deutsche Bank had perpetrated "fraud on the [c]ourt [that] constitutes grounds for vacating the [j]udgment * * *." A justice of the Superior Court granted a motion for judgment on the pleadings in favor of Deutsche Bank pursuant to Rule 12(c) of the Superior Court Rules of Civil Procedure; therefore, we rely on the facts alleged in plaintiffs' complaint and accept them as true. *Montaquila v. Flagstar Bank, FSB*, 288 A.3d 967, 971 (R.I. 2023). Additionally, we rely on facts gleaned from "documents the authenticity of which are not disputed by the parties[.]" *Doe v. Brown University*, 253 A.3d 389, 395 (R.I. 2021) (quoting *Mokwenyei v. Rhode Island Hospital*, 198 A.3d 17, 22 (R.I. 2018)). More specifically, we draw facts from "documents sufficiently referred to in the complaint[,]" including records filed in related court

proceedings. *Id.* (quoting *Mokwenyei*, 198 A.3d at 22). We may also "take judicial notice of court records * * * [which] would include judgments previously entered by the court that have the effect of res judicata [or] pleadings or answers to interrogatories by a party, which pleading or answer might constitute an admission." *Id.* (quoting *Goodrow v. Bank of America, N.A.*, 184 A.3d 1121, 1126 (R.I. 2018)).

On September 20, 2005, plaintiffs signed and delivered a promissory note payable to Equity One, Inc. (Equity One) in the amount of $883,750. The same day, plaintiffs also executed a mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for Equity One for the property located at 284-286 Atwells Avenue in Providence, Rhode Island. Karen Medeiros, Esq. (Attorney Medeiros), an attorney at Residential Title & Escrow Services, Inc. (Residential Title), conducted the closing related to these transactions after Equity One transmitted the loan package to Residential Title.

On September 19, 2011, Deutsche Bank filed a complaint against plaintiffs, alleging (1) that Deutsche Bank is the holder of the promissory note, (2) that plaintiffs executed and delivered to Deutsche Bank a loan modification agreement in 2007, and (3) that plaintiffs defaulted on the promissory note and loan modification agreement. The plaintiffs filed an answer (1) admitting that Deutsche Bank was the holder of the promissory note, (2) neither admitting nor denying that they executed and delivered a loan modification agreement, and (3) denying that

- 3 -

they failed to make payments under the promissory note and loan modification agreement.

Deutsche Bank also filed suit against Residential Title in September 2011 and deposed Attorney Medeiros on October 9, 2014. The plaintiffs did not receive notice of the deposition because they were not parties to the lawsuit against Residential Title. At the deposition, counsel for Deutsche Bank questioned Attorney Medeiros about the promissory note:

> "Q: Now, did, to your knowledge, did Residential Title have any role in the drafting of this [promissory note]?
> "A: No.
> "Q: This document came to you preprinted?
> "A: As part of the closing package, yes.
> "Q: Okay. Was [the] [a]llonge that's on the last page part of the note when you did the closing?
> "A: No, it would typically come with the closing package, but it would not be something signed by the borrower, so it would not be included.
> "Q: Would you attach the [a]llonge to the note for the package being sent back to Equity One?
> "A: Well, potentially the post-closing department would.
> "Q: Who is the post-closing department?
> "A: Once the file is closed, the file then goes to another section of the office where they disbursed all of the checks to go for payoffs, et cetera, and the package to go back to the lender and the copies to be made.
> "Q: And the original note is sent back to the lender?
> "A: Yes."

As of October 9, 2014, counsel for Deutsche Bank was aware that the allonge[1] was transmitted to Residential Title, prior to the closing, bearing the name Edmond L. Fernand.

On November 14, 2016, Deutsche Bank filed a motion for summary judgment regarding the promissory note and loan modification agreement. Deutsche Bank asserted that it was the holder of the promissory note pursuant to an allonge and argued that the pleadings and supporting affidavit demonstrated that there were no material facts in dispute with respect to plaintiffs' liability under the promissory note and loan modification agreement. Deutsche Bank submitted an affidavit that attached a copy of the promissory note and allonge, as well as a copy of the loan modification agreement; and that detailed the amounts owed as of September 20, 2016. Accordingly, Deutsche Bank asserted, summary judgment should enter in its favor.

The plaintiffs filed an objection to the motion for summary judgment. At a hearing on the motion for summary judgment held on March 7, 2017, plaintiffs were represented by an attorney, who explained that he had not filed a supplement to

---

[1] This Court has defined an allonge as a "slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *Pimentel v. Deutsche Bank National Trust Company*, 174 A.3d 740, 742 n.4 (R.I. 2017) (quoting *Moura v. Mortgage Electronic Registration Systems, Inc.*, 90 A.3d 852, 853 n.1 (R.I. 2014)).

plaintiffs' objection to the motion for summary judgment because he had just entered his appearance in the case, and because he did not think his "straightforward" argument "merited additional paper for the [c]ourt." The trial justice noted that the objection filed by plaintiffs' former counsel was brief and nonsubstantive, but nonetheless allowed plaintiffs' new attorney to present oral argument.

In issuing a decision from the bench, the trial justice noted that counsel for plaintiffs did not request a continuance pursuant to Rule 56(f) of the Superior Court Rules of Civil Procedure to obtain more information, and, as a result, nothing in the record created a genuine issue of material fact. As such, he granted Deutsche Bank's motion for summary judgment and the court entered a judgment to that effect. The plaintiffs did not appeal the judgment.

On September 1, 2021, plaintiffs obtained a copy of the transcript of the deposition of Attorney Medeiros and subsequently filed the instant independent action in equity pursuant to Rule 60(b). The plaintiffs allege that the deposition of Attorney Medeiros "constitutes evidence which provides an affirmative defense to the complaint filed by [Deutsche Bank]" on September 19, 2011. The plaintiffs further allege that Deutsche Bank had "actual knowledge that the note had not been endorsed, [but] falsely asserted that it was the holder of the note and entitled to [s]ummary [j]udgment." The plaintiffs requested that the court vacate the judgment, issue an injunction enjoining Deutsche Bank from attempting to reform the mortgage

in a separate action, award plaintiffs punitive damages and attorneys' fees and costs, and grant all other just and proper relief.[2]

Deutsche Bank subsequently filed a motion for judgment on the pleadings pursuant to Rule 12(c) asserting that plaintiffs' complaint did not allege facts that would entitle them to the extraordinary relief they sought.

A second trial justice held a hearing on the motion and subsequently issued a written order granting defendant's motion for judgment on the pleadings. The second trial justice noted that plaintiffs' complaint relied solely on Attorney Medeiros's deposition testimony wherein she testified about the residential mortgage process as a general matter. Even accepting plaintiffs' assertions as true, the second trial justice wrote, it was clear that the deposition testimony does not suggest fraudulent behavior on the part of Deutsche Bank. He determined that "there [are] no credible facts or evidence" demonstrating that plaintiffs were unable to obtain the deposition earlier, and that plaintiffs' failure to obtain and present this evidence at an earlier stage of the litigation was due to the negligence of plaintiffs'

---

[2] Based on plaintiffs' execution of the promissory note in their individual capacities as opposed to their capacities as owners of the corporation that was the record owner of the property, Deutsche Bank filed a third related complaint in September 2011 seeking reformation of the mortgage, the imposition of an equitable mortgage, a declaratory judgment declaring the mortgage reformed, and damages. *Deutsche Bank National Trust Company v. Alebia, Inc.*, 333 A.3d 779, 782 (R.I. 2025). The matter came before us for oral argument on September 25, 2024, and we issued a decision on the merits on April 17, 2025.

attorneys. Therefore, the second trial justice granted defendant's motion for judgment on the pleadings and declined the opportunity to invoke his equitable authority to issue the relief plaintiffs sought.

On June 9, 2023, plaintiffs filed a notice of appeal challenging the second trial justice's order granting defendant's motion for judgment on the pleadings. Final judgment did not enter until January 7, 2025. Accordingly, although premature, plaintiffs' notice of appeal is valid, and the case is properly before us. *O'Keefe v. York*, 308 A.3d 983, 989 n.7 (R.I. 2024).

**Standard of Review**

When reviewing a trial justice's grant or denial of a motion for judgment on the pleadings under Rule 12(c), this Court uses the test for a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. *Montaquila*, 288 A.3d at 971. We confine our review "to the four corners of the complaint, assume that the allegations set forth are true, and resolve any doubts in favor of the complaining party." *Id*. (quoting *Chase v. Nationwide Mutual Fire Insurance Company*, 160 A.3d 970, 973 (R.I. 2017)). However, where "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), then that document effectively merges into the pleadings and the trial court can review it" when passing

- 8 -

upon a motion for judgment on the pleadings. *Doe*, 253 A.3d at 395 (quoting *Mokwenyei*, 198 A.3d at 22).

We will affirm a decision granting a motion for judgment on the pleadings when it has been established beyond a reasonable doubt that the complaining party would not be entitled to relief from the moving party under any set of conceivable facts that could be proven in support of its claim. *Montaquila*, 288 A.3d at 971.

**Discussion**

On appeal, plaintiffs contend that the second trial justice erred in "evaluating [the] evidence and [not applying] the standard for judgment on the pleadings as established by this Court." The plaintiffs argue that the second trial justice's characterization that "it is clear" that the deposition testimony does not constitute fraudulent behavior was a finding of fact that he was precluded from making on a motion for judgment on the pleadings. The plaintiffs assert that their complaint sufficiently demonstrated that Deutsche Bank fraudulently withheld relevant information that would have invalidated the judgment in favor of Deutsche Bank and against plaintiffs. As such, in accordance with the standard applied to a Rule 12(c) motion, plaintiffs assert that the second trial justice should have accepted this fact as undisputed and ruled in favor of plaintiffs. We disagree.

Under Rule 60(b), a party may seek relief from judgment by filing a separate independent action, even when the independent action is filed more than a year after

- 9 -

entry of judgment. *Sloat v. City of Newport ex rel. Sitrin*, 19 A.3d 1217, 1222 (R.I. 2011); Super. R. Civ. P. 60(b).

> "A party seeking relief from a judgment via an independent action in equity must satisfy all the following traditional elements: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law." *Sloat*, 19 A.3d at 1222 (emphasis omitted) (quoting *Allstate Insurance Company v. Lombardi*, 773 A.2d 864, 873 (R.I. 2001)).

Obtaining equitable relief from a judgment by way of an independent action is extraordinary; we have said that "[i]t must clearly appear to the court that it would be contrary to good conscience to allow the judgment to be enforced * * *." *Forte Brothers, Inc. v. Baalbaki*, 569 A.2d 443, 445 (R.I. 1990) (quoting *Opie v. Clancy*, 27 R.I. 42, 49-50, 60 A. 635, 638 (1905)).

The plaintiffs assert that Attorney Medeiros's deposition testimony would have provided a "good defense" to the 2011 breach-of-contract action filed by Deutsche Bank. *See Sloat*, 19 A.3d at 1222. The plaintiffs infer from that deposition testimony that Edmond L. Fernand signed the allonge prior to plaintiffs executing the promissory note on September 20, 2005, and that Deutsche Bank knew that Edmond L. Fernand signed the allonge prior to plaintiffs executing the promissory

- 10 -

note.  The plaintiffs allege in their complaint therefore (1) that not only could the allonge not have been used to transfer the promissory note to Deutsche Bank, but also (2) that Deutsche Bank knew about this defect as of the date of Attorney Medeiros's deposition.  They further contend that Deutsche Bank fraudulently withheld this information at the hearing on the motion for summary judgment and therefore prevented plaintiffs from obtaining the benefit of an affirmative defense to the 2011 breach-of-contract action.

Accepting plaintiffs' allegations as true, they cannot satisfy all of the elements required for relief under Rule 60(b) as a matter of law. *Sloat*, 19 A.3d at 1222. Assuming without deciding that an antedated allonge was a defect that prevented the transfer of the promissory note to Deutsche Bank,[3] plaintiffs cannot establish that they justifiably relied on Deutsche Bank's withholding of knowledge of a defect and were thereby deprived of obtaining the benefit of a defense to the motion for summary judgment. *See Cote v. Aiello*, 148 A.3d 537, 548 (R.I. 2016) ("To establish a *prima facie* fraud claim, the plaintiff must prove that the defendant made a false representation intending thereby to induce [the] plaintiff to rely thereon and that the

---

[3] Under G.L. 1956 § 6A-3-204(a) ("Indorsement"), "For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument." Section 6A-3-113 states: "An instrument may be antedated or postdated."  We leave for another day any discussion regarding how these provisions might impact an allonge and promissory note under circumstances similar to those presented in the case at bar.

plaintiff justifiably relied thereon to his or her damage.") (quoting *McNulty v. Chip*, 116 A.3d 173, 182-83 (R.I. 2015)). The plaintiffs not only filed an answer in the 2011 breach-of-contract action admitting that Deutsche Bank was the holder of the promissory note, but they also did not present evidence or seek a continuance, pursuant to Rule 56(f), of the March 7, 2017 hearing on the motion for summary judgment. As such, plaintiffs of their own accord presented nothing to challenge the validity of the promissory note or the knowledge of the affiant whom Deutsche Bank relied upon to demonstrate that there were no genuine issues of material fact in dispute.

We are satisfied that the plaintiffs would not be entitled to relief from the judgment under any set of conceivable facts that could be proven in support of their claim and affirm the decision of the second trial justice accordingly.

## Conclusion

For the foregoing reasons, we affirm the order and judgment granting judgment in favor of Deutsche Bank and remand the record to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Walter M. Potenza et al. v. Deutsche Bank National Trust Company, as Trustee for the Registered Holders of CBA Commercial Assets Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-01. |
| **Case Number** | No. 2023-291-Appeal.<br>(PC 21-5831) |
| **Date Opinion Filed** | July 29, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian P. Stern |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>John B. Ennis, Esq. |
| | For Defendant:<br><br>Donald W. Seeley, Jr., Esq. |